**Larry Darnell SUGGS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–93–0292–CR.**

Court of Appeals of Texas, Amarillo.

Jan. 11, 1995.

---

Richard Wardroup, Lubbock, for appellant.

Bill Sowder Dist. Atty., Michael West, Asst. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

### ORDER

PER CURIAM. ·

Appellant Larry Darnell Suggs, represented by retained counsel Richard L. Wardroup, perfected this appeal from his conviction of the offense of burglary of a habitation, for which his punishment, enhanced by two prior felony convictions, was assessed at confinement for life. The appellate record was filed, but appellant's brief, though long past due, has neither been tendered nor its absence explained, which prompts the issuance of this order.

Appellant's brief was due to be filed not later than January 21, 1994, but the time was extended to February 22, 1994 upon the motion of attorney Wardroup. The brief was not filed, and attorney Wardroup was notified on June 7, 1994 that unless a response was received within ten days satisfactorily explaining the absence of the brief, the appeal would be abated and the cause would be remanded to the trial court for a hearing to determine whether appellant had been deprived of a meaningful appeal because of ineffective assistance of counsel or for some other reason. No response was received, and the abatement and remand followed.

At the trial court's hearing on August 5, 1994, the court determined that appellant desired to prosecute his appeal and that attorney Wardroup should continue to represent him. Attorney Wardroup represented to the court that he would apply to this Court, apparently for an extension of time to file appellant's brief. No communication was received from attorney Wardroup.

Following the trial court hearing, the appeal was reinstated in this Court on August 11, 1994, at which time attorney Wardroup was notified of the reinstatement and that appellant's brief was due to be filed no later than thirty (30) days from the date of notification. No brief was filed and, on November 17, 1994, attorney Wardroup was so notified and requested to provide an explanation. No response has been received from attorney Wardroup.

Obviously, the inaction of attorney Wardroup has deprived appellant of a meaningful appeal. The unexplained and continued inaction of attorney Wardroup has also deprived appellant of the opportunity provided him by law for a resolution of the merits of the appeal. Such inaction cannot be condoned.

Therefore, it is the ORDER of this Court that attorney Wardroup shall file appellant's brief no later than February 10, 1995. No motion for an extension of time to file the brief will be entertained. The failure of attorney Wardroup to file the brief within the time allowed will result in the immediate initiation of contempt proceedings for the failure and refusal to obey the Court's order.

It is so ordered.