David Sherard GRAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–93–132–CR.

Court of Appeals of Texas,
Waco.

Feb. 8, 1995.

Leroy Beck, Jr., Peter John Barbaro, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## ORDER

PER CURIAM.

On March 12, 1990, the court found David Gray guilty of unauthorized use of a motor vehicle and assessed punishment of five years' imprisonment, probated. *See* TEX. PENAL CODE ANN. § 31.07 (Vernon 1994). Gray failed to comply with the conditions of his probation and, in July 1992, the State moved to revoke his probation. Ultimately, Gray entered an open plea of "true" to the allegations in the motion, and the court revoked his probation, sentencing him to four years' imprisonment on April 26, 1993. After filing a motion for a new trial, his attorney filed a written notice of appeal from the judgment on June 30, 1993. Although nineteen months have passed since his notice of appeal, we have not yet received a brief on his behalf. Because no brief has been filed, we will abate the appeal and remand this cause to the trial court for a hearing. *See* TEX.R.APP.P. 74(*l*)(2). Additionally, we will direct the clerk of this court to certify a record of this cause in this court and forward this record to the State Bar's Office of the Chief Disciplinary Counsel for possible proceedings against Gray's attorney.

## PROCEDURAL HISTORY

As indicated, Gray timely filed a notice of appeal on June 30, 1993. Although originally assigned to the First District Court of Appeals, the cause was assigned to this court on August 1 by order of the Supreme Court. On August 23 we received the transcript. Pursuant to a motion for extension of time, the statement of facts was originally due to be filed on October 22. *See id.* 54(b), (c). However, this date passed without the statement of facts or a second motion for extension of time being filed. Thus, on November 24, our clerk notified the parties that the appeal would be submitted on the transcript alone and set a thirty-day due date for Gray's brief. *See id.* 53(m). The thirty-day deadline also expired without a filing. However, we received the two-volume statement of facts on January 7, 1994, and, based on a motion for extension of time to file the statement of facts presented to us on January 12, we filed those volumes as of the date of reception. *See id.* 83. At the same time, we granted a request for an extension of time to file Gray's brief until February 14.

Again, however, the due date passed without the brief or a motion for extension of time being filed. Gray's attorney filed a motion for extension of time to file the brief on February 16, which we granted, extending the deadline until February 22. However, that deadline also proved futile. On February 28, we received a request from counsel that we abate the appeal so that the trial court could hold a hearing to determine Gray's ability to pay for the services of his attorney. *See id.* 74(*l*)(2). We obliged and remanded the cause to the trial court for such a hearing on March 16. At the hearing, held on April 8, Gray's attorney agreed to continue to represent Gray on the condition that Gray promise to make payments to him for the representation. We did not receive the statement of facts from the abatement hearing until May 13, 1994, accompanied by counsel's letter requesting that we file the volume. This letter was to be the last correspondence that this court received from Gray's attorney.

After waiting thirty days for counsel to continue with the appeal, our clerk sent him a letter on July 26, requesting that he file a brief on Gray's behalf within ten days. *See id.* No brief was forthcoming. Seeking to

ensure that Gray's attorney was given every opportunity, we issued an order on October 26, directing him to file a brief in this cause by 5:00 p.m. on November 28. Again, our order was ignored. As of this date, no responsive correspondence has been received from counsel since the cover letter accompanying the remand statement of facts received by this court on May 13, 1994, over eight months ago.

## ABATEMENT TO THE TRIAL COURT

Therefore, this appeal is abated and the trial court instructed to conduct a hearing to determine (1) why no brief has been filed on Gray's behalf; (2) whether his attorney has abandoned the appeal; and (3) whether Gray desires to proceed with the appeal. *See id.* If Gray no longer wishes to pursue an appeal, he must sign and file a motion expressly requesting withdrawal of his notice of appeal and dismissal of the appeal. *See id.* 59(b).

If Gray is indigent, the trial court shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. *See id.* 74(*l*)(2). However, if he desires to proceed *pro se,* the trial court is directed to determine, on the record, his ability and capacity to knowingly and intelligently waive his right to counsel. *See Ex parte Davis,* 818 S.W.2d 64, 66–68 (Tex.Crim. App.1991); *Hubbard v. State,* 739 S.W.2d 341 (Tex.Crim.App.1987).

The trial court shall forward a complete record of the hearing, with its findings of fact and conclusions of law, to the clerk of this court within forty-five days of the date of this order.

## REFERRAL TO THE OFFICE OF THE CHIEF DISCIPLINARY COUNSEL

We have demonstrated patience with this attorney over the nineteen months that this cause has been pending on our docket. We believe that we have an obligation under the Texas Disciplinary Rules of Professional Conduct to report such conduct to the appropriate disciplinary authority. *See* TEX. DISCI-PLINARY R.PROF. CONDUCT 8.03(a) (1989), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1995) (STATE BAR RULES art. X, § 9).[1] Therefore, we direct our clerk to certify a record of this cause in our court, consisting of the following:

1. Letter dated August 1, 1993, transferring this cause from the First District Court of Appeals.

2. Letter dated August 23, 1993, acknowledging receipt of the transcript.

3. Motion filed September 7, 1993, requesting extension of time to file the statement of facts.

4. Letter dated September 8, 1993, notifying the parties that we granted the motion for extension of time to file the statement of facts.

5. Letter dated November 24, 1993, informing the parties that the cause would be submitted on the transcript and directing filing of a brief on Gray's behalf.

6. Letter dated January 7, 1994, acknowledging receipt of the statement of facts.

7. Motion filed January 12, 1994, requesting extension of time to file the statement of facts.

8. Motion filed January 12, 1994, requesting extension of time to file the brief on behalf of Gray.

9. Letter dated January 12, 1994, notifying the parties that we granted the motions for extension of time to file the statement of facts and Gray's brief.

10. Motion filed February 16, 1994, requesting extension of time to file the brief on behalf of Gray.

11. Letter dated February 23, 1994, notifying the parties that we granted the motion for extension of time to file Gray's brief.

12. Motion filed February 28, 1994, requesting that we abate the appeal for a hearing in the trial court.

13. Order dated March 16, 1994, abating the appeal for a hearing in the trial

---

1. *See also* State Bar of Texas, *Complaints Against Abraham Kazen, III,* No. F1129300868 (Grievance Committee for District No. 09A, November 16, 1994), summarized at *Disciplinary Report,* TEXAS LAWYER, Dec. 5, 1994, at 15.

court and the associated clerk's certification of our order.

14. Cover letter dated May 10, 1994, accompanying the supplemental statement of facts.

15. Supplemental statement of facts, filed May 13, 1994.

16. Letter dated July 26, 1994, requesting that a brief be filed on Gray's behalf.

17. Order dated October 26, 1994, directing counsel to file a brief on Gray's behalf.

18. This order and the associated clerk's certification of our order.

19. This court's docket sheet.

The clerk is directed to forward this material, under seal, to the Office of the Chief Disciplinary Counsel for its consideration.