**Enrique SAMANIEGO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–97–00155–CR.

Court of Appeals of Texas,
San Antonio.

July 23, 1997.

Heriberto Urby, Jr., Del Rio, for appellant.

Enrique Samaniego, Del Rio, pro se.

Thomas F. Lee, District Attorney, Del Rio, for appellee.

Before GREEN, DUNCAN and ANGELINI, JJ.

**OPINION ON ORDER REMANDING TO THE TRIAL COURT FOR THE APPOINTMENT OF EFFECTIVE APPELLATE COUNSEL**

DUNCAN, Justice.

Because we received the items requested in our May 5, 1997 order, the appeal is reinstated on the court's docket. *See Samaniego v. State*, No. 04–97–00155–CR (Tex. App.—San Antonio, May 5, 1997, interlocutory order) (not designated for publication). However, for the reasons explained below, we again abate the appeal and remand it to the trial court for the substitution of effective appellate counsel.

## Background

The statement of facts filed in this appeal establishes Samaniego was charged with and convicted of felony DWI. In accordance with a plea bargain agreement, at the hearing on Samaniego's plea on January 13, 1997, the trial court sentenced Samaniego to six years in the Texas Department of Criminal Justice—Institutional Division, probated; 180 days in the county jail; and six months to one year in a substance abuse felony treatment program. The trial judge then told Samaniego: "If you want to appeal, why then you go ahead and attempt to appeal."

On February 6, 1997, Samaniego timely filed a pro se notice of appeal. However, the transcript was not received by this court until March 31, 1997, after its due date. By letter dated March 31, 1997, this court notified Samaniego and his attorney, Heriberto Urby, Jr., the transcript was received untimely, and a motion for extension of time was due no later than April 17, 1997. On April 16, 1997, Urby filed the required motion, arguing that more time was required "because the issues involved in the appeal are complex...."[1] However, Urby failed to file the required supporting affidavit of the district clerk. *See* 4TH TEX.APP. (SAN ANTONIO) LOC. R. 3(B)(5). Accordingly, by letter dated April 17, 1997, this court notified Urby that an affidavit was required "no later than 4:00 p.m. on the 28th day of April, 1997." We did not receive this affidavit until May 20, 1997—almost one month late. In contrast to the motion for extension of time, the affidavit asks for additional time because of confusion over whether the trial court had granted Samaniego permission to appeal.[2] Despite the discrepancy between the motion for extension of time and the accompanying affidavit, we now grant Samaniego's motion and order the transcript filed as of the date received.

On April 16, 1997, the date Urby filed his motion to extend the time to file the transcript, he also filed a motion to extend the time to file his brief, again citing as the basis for his motion the "complex" issues involved in this appeal. However, the due date for an appellant's brief cannot even be determined until the date the record is finally filed. *See* TEX.R.APP. P. 74(k). We therefore denied this premature motion as moot. *See Samaniego v. State*, No. 04–97–00155–CR (Tex. App.—San Antonio, April 21, 1997, interlocutory order) (not designated for publication).

On April 28, 1997, we received and filed the statement of facts, after granting an extension of time. Samaniego's brief was thus due to be filed no later than May 28, 1997. By this time, however, the court had received a letter from Mrs. Samaniego, appellant's wife, stating Urby had indicated to her he did not intend to handle Samaniego's appeal. We became concerned Samaniego was not receiving effective assistance of counsel; and, by order dated May 5, 1997, this court abated the appeal and ordered the trial court to hold an abandonment hearing to determine "whether appellant desires to prosecute his appeal, whether he is indigent, and whether appointed or retained counsel has abandoned the appeal." This order also required the trial court to file the statement of facts from the hearing and a supplemental transcript no later than June 2, 1997.

The statement of facts from the abandonment hearing held on May 22, 1997 was timely filed on May 29, 1997. However, the requested supplemental transcript was not filed when due on June 2, 1997. Accordingly, this court drafted a second order reminding the trial court of its responsibilities under our May 5, 1997 order. Before this order issued, however, on June 16, 1997, the supplemental transcript was filed—two weeks late.

---

1. The simplicity or complexity of the legal issues on appeal are not material to the timeliness of the transcript or a request for an extension of time. *See* TEX.R.APP. P. 54.

2. Our jurisdiction is a matter outside the realm of both the district clerk and the trial court. *See* TEX.R.APP. P. 51(c); *Ex parte Zigmond*, 933

S.W.2d 666, 668 (Tex.App.—San Antonio 1996, no pet.) (explaining that a trial court may deny an appellant permission to appeal, thus limiting the scope of the appeal, but the trial court has no authority to deny the right to appeal in its entirety).

The statement of facts from the abandonment hearing reflects the trial court called the case, recited its history, indicated a copy of our May 5 order had not been sent to the district clerk, and then read a copy of the order provided by the district attorney. The trial court asked Urby whether Samaniego desired to continue his appeal. Urby replied Samaniego desired to continue his appeal; but, while Urby handled this matter in the trial court, he "never got hired on any appeal, nor was he appointed until April 15th...." The trial judge then assumed Samaniego was still indigent and elicited from Urby that he had been appointed by an order signed April 15, 1997. Also in response to the trial court's questioning, Urby stated he is prosecuting this appeal diligently and has "been doing everything that is required of an attorney on appeal to make sure that [Samaniego's] rights are being weighed in the appellate court." Finally, Urby stated he was "going to take [Samaniego] a copy of the brief so that he can look at it, and [he] might just go under the Anders case." No one, including Samaniego, testified at the abandonment hearing, and no other evidence was offered.[3]

The supplemental transcript contains the April 15 order, which is entitled "Order Appointing Counsel and Granting Leave to Appeal." This order parallels Urby's representations to the trial court regarding Samaniego's indigence and Urby's appointment as his attorney on appeal. However, the supplemental transcript also contains the trial court's findings of fact and conclusions of law from the abandonment hearing, and the findings directly conflict with Urby's representations and the trial court's own April 15 order. For instance, in Findings of Fact 2 and 3, the trial court found that Samaniego is not indigent, does not need appointed appellate counsel, and Urby is retained, while the trial court's April 15 order and Urby's representations to the court are to the contrary. Additionally, Finding of Fact 5 states Urby "has never abandoned" Samaniego, despite Urby's indications to the court that he did in fact effectively "abandon" Samaniego post-judgment because, in Urby's view, he did not represent Samaniego on appeal until he was appointed appellate counsel by the trial court's April 15 order—a view contrary to settled law. *See* Tex.Code Crim. Proc. Ann. art. 26.04(a) (Vernon 1989); *Ex Parte Axel*, 757 S.W.2d 369 (Tex.Crim.App.1988) (holding trial counsel, whether appointed or retained, is not relieved of representation until trial or appellate court grants motion to withdraw). Moreover, Finding of Fact 6 states Samaniego has never requested permission to appeal, while the statement of facts from the plea hearing suggests the trial judge granted permission to appeal on its own initiative. The remainder of the trial court's findings of fact, as well as comments made at the abandonment hearing, indicate the trial judge and perhaps Urby as well are concerned (inappropriately) with whether this court has jurisdiction over Samaniego's appeal in light of the limitations contained in Rule 40(b)(1), Tex.R.App. P.[4] Finally, Urby's indication to the trial court that he may file an *Anders*[5] brief is directly contrary to his representations to this court that extensions of time are needed because this appeal involves "complex" issues.

### Discussion

We are not bound by the trial court's findings from the abandonment hear-

---

3. In fact, the trial court specifically refused to hear from Samaniego or his family.

4. All indigent criminal appellants are entitled to legal representation from "attorneys who can provide specified types of assistance—that is, that such appellants have a right to effective assistance of counsel." *Evitts v. Lucey*, 469 U.S. 387, 404–05, 105 S.Ct. 830, 840, 83 L.Ed.2d 821 (1985); *see also Ward v. State*, 740 S.W.2d 794, 800 (Tex.Crim.App.1987); *see generally Ex parte Jarrett*, 891 S.W.2d 935 (Tex.Crim.App.1994). "Appellate counsel has a duty to raise every nonfrivolous issue," *Jones v. Barnes*, 463 U.S.

745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983); *see also Stafford v. State*, 813 ·S.W.2d 503, 511 (Tex.Crim.App.1991), regardless of the limitations of Rule 40(b)(1), Tex.R.App. P. *Fowler v. State*, 874 S.W.2d 112, 114 (Tex.App.—Austin 1994, pet. ref'd). For example, under *Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996), a defendant who fails to comply with Rule 40(b)(1) may still appeal the voluntariness of his negotiated plea.

5. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

ing when they are not supported by the evidence, particularly when, as here, they establish opposite conclusions. *Cf. Brown v. State Bar*, 1997 WL 155109, at *3, —— S.W.2d ——, —— (Tex.App.—El Paso, April 3, 1997, n.w.h.); *Spillman v. State*, 824 S.W.2d 806, 810–11 (Tex.App.—Austin 1992, pet. ref'd). Based on the record before the trial court, we hold Samaniego is indigent, desires to prosecute his appeal, and has received ineffective assistance of counsel. *Ex parte Coy*, 909 S.W.2d 927, 928 (Tex.Crim. App.1995) (failure to follow procedural rules was ineffective assistance of appellate counsel); *Suggs v. State*, 895 S.W.2d 407, 408 (Tex.App.—Amarillo 1995, interlocutory order) (same). We therefore order the trial court to appoint substitute counsel who will effectively represent Samaniego in this appeal. *Cf. Robinson v. State*, 790 S.W.2d 334, 336 (Tex.Crim.App.1990) (placing burden on appellate courts to ensure adequate representation); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex.App.—Austin 1994, pet. ref'd) (requiring district court to appoint counsel after it permitted appellate counsel to withdraw); *Cuzdey v. State*, 103 Nev. 575, 747 P.2d 233, 236 (1987) (remanding to district court to remove counsel who filed deficient brief).

We also believe attorney Heriberto Urby, Jr., "through neglect or willful disregard, has frustrated the trial and appellate process." *Rios v. State*, 791 S.W.2d 509, 513 (Tex. App.—Corpus Christi 1989, no pet.) (Nye, C.J., dissenting) (noting that abandonment hearings assure the defendant of adequate representation on appeal but do nothing to penalize the attorney). Therefore, we direct the Clerk of this Court to provide a copy of this opinion and accompanying order to the Regional Office of General Counsel of the State Bar of Texas for any further action deemed appropriate. *See In re Maloney*, 949 S.W.2d 385, 388 (Tex.App.—San Antonio, 1997, orig. proceeding); *Gray v. State*, 896 S.W.2d 572, 573 (Tex.App.—Waco 1995, no pet.).