Ana LOPES, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–00–236–CR.

Court of Appeals of Texas, Waco.

March 6, 2002.

Kathleen R. Robbins, Houston, for appellant.

John B. Holmes, Harris County District Attorney, Houston, for appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## ORDER

PER CURIAM.

Ana Lopes appeals from a misdemeanor judgment and sentence dated March 28, 2000. This Court issued an Order on January 18, 2002 directing counsel to file Lopes's brief "by 5:00 o'clock p.m. on or before February 15, 2002." Counsel has failed to comply with this Order. Therefore, we will abate this appeal and direct: (1) the trial court to conduct a show-cause hearing; and (2) the Clerk of this Court to provide a copy of this Order to the State Bar's Office of the Chief Disciplinary Counsel for possible proceedings against Lopes's attorney. *See* TEX.R.APP. P. 38.8(b); *Samaniego v. State,* 952 S.W.2d 50, 53 (Tex.App.-San Antonio 1997, order, no pet.); *Gray v. State,* 896 S.W.2d 572, 573–74 (Tex.App.-Waco 1995, order, no pet.).

## BACKGROUND

On March 28, 2000, the trial court placed Lopes on twelve months' deferred adjudication community supervision for unlawfully carrying a weapon. Lopes's counsel timely perfected this appeal on April 20. The First Court of Appeals docketed Lopes's appeal under its cause number 01–00–549–CR. The Supreme Court transferred Lopes's appeal to this Court by a June 2000 docket equalization order. We docketed the appeal in this Court on June 28, 2000.

The clerk's record was filed on May 30, 2000. The reporter's record was filed on January 30, 2001. Accordingly, Lopes's brief was due on March 1, 2001. Because Lopes's counsel failed to file a brief within this time period, we abated the appeal on June 6, 2001 for a hearing under Rule of Appellate Procedure 38.8(b). *See* Tex. R.App. P. 38.8(b). The trial court conducted this hearing on August 22, 2001. Counsel informed the trial court that she was uncertain of Lopes's current whereabouts but believed that Lopes still desired to pursue the appeal. Counsel requested an additional forty-five days to complete the brief, which the trial court granted.

We reinstated Lopes's appeal on September 24, 2001. We filed the supplemental reporter's record containing a transcription of the August 22 abatement hearing on the same date. Counsel failed to file a brief within the additional time requested. Accordingly, we issued an Order on January 18, 2002 directing counsel to file Lopes's brief "by 5:00 o'clock p.m. on or before February 15, 2002." Although counsel received our Order at 8:33 a.m. on January 21, 2002, she has failed to comply with it.

## SHOW–CAUSE HEARING

■ We direct the trial court to conduct a show-cause hearing within fourteen days after the date of this Order. The trial court shall require Lopes's counsel, Kathleen Robbins, 1101 Heights Boulevard, Houston, TX 77008, State Bar of Texas No. 16984560, to appear and show cause why she should not be held in contempt for failure to file a brief on Lopes's behalf. The trial court shall: (1) make and file appropriate findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record; (2) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; and (3) cause these supplemental records to be filed with the Clerk of this Court within thirty days after the date of this Order.

## REFERRAL TO THE OFFICE OF THE CHIEF DISCIPLINARY COUNSEL

■ We have demonstrated patience with this attorney over the twelve months since Lopes's brief was originally due. We believe that we have an obligation under the Texas Disciplinary Rules of Professional Conduct to report such conduct to the appropriate disciplinary authority. *See* Tex. Disciplinary R. Prof'l Conduct 8.03(a), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. (Vernon 1998) (Tex. State Bar R. art. X, § 9); *Samaniego*, 952 S.W.2d at 53; *Gray*, 896 S.W.2d at 573. Therefore, we direct the Clerk of this Court to provide a copy of this Order to the Office of the Chief Disciplinary Counsel for its consideration. *See Samaniego*, 952 S.W.2d at 53; *see also Gray*, 896 S.W.2d at 573–74 (directing Clerk to certify copies of correspondence and appellate record and transmit them to Office of Chief Disciplinary Counsel). The Clerk is further ordered to provide the Office of the Chief Disciplinary Counsel with certified copies of any document or correspondence related to this cause without cost upon request by that office.