

# Fourth Court of Appeals
## San Antonio, Texas

May 29, 2014

No. 04-14-00225-CV

**IN THE INTEREST OF M.A**., et al., Children,

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-01618
Honorable Charles E. Montemayor, Judge Presiding

## O R D E R

This is an accelerated appeal of an order terminating Appellant's parental rights. The trial court signed the order on February 19, 2014, and Appellant filed an untimely pro se notice of appeal on March 19, 2014. *See* TEX. R. APP. P. 26.1(b), 26.3.

On April 14, 2014, we ordered Appellant to file a written response not later than April 24, 2014, presenting a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.* R. 26.3, 10.5(b)(1)(C); *see generally Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (requiring courts to imply a motion for extension of time in certain circumstances). We warned Appellant that if she failed to respond within the time provided, this appeal would be dismissed. *See* TEX. R. APP. P. 42.3(c). This court's order was mailed to Appellant but was returned.

On May 5, 2014, after this court was advised that Appellant had court-appointed counsel, we sent counsel our April 14, 2014 order. To date, this court has not received any response from Appellant or her counsel.

Because "involuntary termination of parental rights involves fundamental constitutional rights," *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985) (internal quotation marks omitted); *accord In re J.F.C.*, 96 S.W.3d 256, 302 (Tex. 2002), we look to the abandonment procedures for criminal cases for guidance in this circumstance, *see, e.g.*, TEX. R. APP. P. 38.8(b); *see also* TEX. FAM. CODE ANN. § 107.013 (West 2014) (requiring the trial court to appoint counsel to represent an indigent parent in a parental termination case); *In re K.S.M.*, 61 S.W.3d 632, 633 (Tex. App.—Tyler 2001, no pet.) ("Like indigent criminal appellants, indigent appellants challenging an order terminating their parental rights enjoy a right to counsel on appeal.").

Therefore, we ABATE this appeal and REMAND the cause to the trial court for an abandonment hearing. *Cf.* TEX. R. APP. P. 38.8(b); *Samaniego v. State*, 952 S.W.2d 50, 52–53

(Tex. App.—San Antonio 1997, no pet.). We ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does Appellant desire to prosecute her appeal?

(2) Why was the notice of appeal not timely filed?

(3) Has appointed counsel abandoned the appeal? Because Appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from Appellant. The trial court shall order Appellant's counsel to be present at the hearing. *See id.* R. 38.8(b)(3).

We ORDER the trial court to produce written findings of fact and conclusions of law, and the trial court's recommendations addressing the questions listed above, and deliver them to the trial court clerk within FIFTEEN DAYS of the date of this order.

We ORDER the trial court clerk and reporter, respectively, to file a supplemental clerk's record and a reporter's record in this court, not later than TWENTY DAYS from the date of this order, which records shall include the following: (1) a transcript of the hearing and copies of any documentary evidence admitted, (2) the trial court's written findings of fact and conclusions of law, and (3) the trial court's recommendations addressing the questions listed above. *See id.*

All other appellate deadlines are SUSPENDED pending further order of this court.

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of May, 2014.

Keith E. Hottle
Clerk of Court