

# Fourth Court of Appeals
## San Antonio, Texas

March 17, 2015

No. 04-14-00800-CR

Whitney Elizabeth **KNOWLTON**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 12-1160-CR
The Honorable William Old, Judge Presiding

# O R D E R

On February 20, 2015, we notified Appellant's appointed counsel Julissa Vella that Appellant's brief has not been filed in this appeal. We ordered Appellant's counsel to file the brief or a motion to dismiss this appeal not later than March 2, 2015. We cautioned Appellant's counsel that if Appellant failed to respond within the time provided we would abate this appeal to the trial court for an abandonment hearing at which the trial court would be asked to determine whether attorney sanctions are appropriate. *See* TEX. GOV'T CODE ANN. § 21.002 (West 2004) (authorizing punishment up to "a fine of not more than $500 or confinement in the county jail for not more than six months, or both such a fine and confinement in jail"); *In re Fisch*, 95 S.W.3d 732, 732 (Tex. App.—Houston [1st Dist.] 2003, order) (per curiam) (issuing a contempt order for attorney's failure to file a brief as ordered). To date, we have received no response from Ms. Vella to our February 20, 2015 order. On March 12, 2015, Appellant Whitney Elizabeth Knowlton filed a pro se motion to withdraw her appeal. In Texas, appellants do not have a right to hybrid representation. *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001).

Therefore, we ABATE this appeal and REMAND the cause to the trial court. *See* TEX. R. APP. P. 38.8(b); *Samaniego v. State*, 952 S.W.2d 50, 52–53 (Tex. App.—San Antonio 1997, no pet.). We ORDER the trial court to conduct a hearing in compliance with Rule 38.8(b) to answer the following questions:

(1)     Does Appellant desire to prosecute his appeal?

(2)     Is Appellant indigent?  If Appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

(3)     Has appointed or retained counsel abandoned the appeal?  Because sanctions may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.  *See* TEX. R. APP. P. 38.8(b)(4).

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from appellant.  The trial court shall, however, order Appellant's counsel to be present at the hearing. *See id.* R. 38.8(b)(3).

The trial court is further ORDERED to file supplemental clerk's and reporter's records in this court, not later than THIRTY DAYS from the date of this order, which shall include the following: (1) a transcription of the hearing and copies of any documentary evidence admitted, (2) written findings of fact and conclusions of law, and (3) recommendations addressing the above enumerated questions.  *See id.*  This court will consider the supplemental records in its determination whether to initiate contempt proceedings against Appellant's counsel.  *See id.* R. 38.8(b)(4); *In re Fisch*, 95 S.W.3d at 732; *Samaniego v. State*, 952 S.W.2d at 53.

All other appellate deadlines are SUSPENDED pending further order of this court.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 17th day of March, 2015.

_____
Keith E. Hottle
Clerk of Court