

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00662-CR

Alberto Aguirre **RENDON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law, Kerr County, Texas
Trial Court No. CR13-1227
Honorable Susan Harris, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Jason Pulliam, Justice

Delivered and Filed:  April 20, 2016

DISMISSED

In this appeal, initially, Appellant Alberto Aguirre Rendon had court-appointed counsel. Later, after the trial court determined Appellant was not indigent, the trial court discharged appointed counsel. Appointed counsel advised Appellant that his brief was due on February 22, 2016. *See* TEX. R. APP. P. 6.5(c). After the deadline to file the brief passed and Appellant did not file a motion for extension of time or a brief, on February 29, 2016, we ordered Appellant to file either his brief or a motion to dismiss this appeal not later than March 10, 2016. We advised

Appellant that if no brief or motion was filed by that date, we would abate this appeal and remand the cause to the trial court for an abandonment hearing. *See* TEX. R. APP. P. 38.8(b)(2).

On March 14, 2016, after Appellant had not filed a response to our February 29, 2016 order, we abated this appeal and remanded the cause to the trial court. *See* TEX. R. APP. P. 38.8(b); *Samaniego v. State*, 952 S.W.2d 50, 52–53 (Tex. App.—San Antonio 1997, no pet.). We ordered the trial court to conduct a hearing to answer the following questions:

(1)     Does Appellant desire to prosecute his appeal?

(2)     Is Appellant now indigent? If Appellant's circumstances have changed such that Appellant is now indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of counsel. If Appellant is not indigent, the trial court need not appoint counsel for appeal.

(3)     Has Appellant abandoned the appeal?

On March 23, 2016, as ordered, the trial court held an abandonment hearing. After Appellant was sworn, the trial court read this court's February 29, 2016 order in its entirety to Appellant. Appellant asked the court to determine whether he was indigent for purposes of appeal, and the trial court again found he was not. The trial court asked Appellant if he wished to prosecute his appeal; Appellant answered no. The trial court asked Appellant if he was abandoning his appeal; Appellant answered yes. The trial court found that Appellant did not desire to prosecute his appeal, and Appellant has abandoned this appeal.

We reinstate the appeal on this court's docket. We construe Appellant's sworn statement in open court that he does not desire to prosecute this appeal as an oral motion to dismiss this appeal. Appellant's motion is granted; this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH