

# Fourth Court of Appeals
## San Antonio, Texas

July 18, 2018

No. 04-18-00301-CV

**IN THE INTEREST OF A.M.O., A CHILD**,

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA01432
Honorable Richard Garcia, Judge Presiding

## O R D E R

      This is an accelerated appeal of an order terminating the appellant's parental rights which must be disposed of by this court within 180 days of the date the notice of appeal is filed. TEX. R. JUD. ADMIN. 6.2. Appellant is represented on appeal by appointed counsel Christine Hortick.

      By order dated June 11, 2018, Ms. Hortick was notified that the notice of appeal she filed was untimely. Ms. Hotick was ordered to file a response by June 26, 2018, presenting a reasonable explanation for failing to file the notice of appeal in a timely manner. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). The order stated that if no response was filed within the time provided, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(c). No response was timely filed.

      Because appellant is represented on appeal by appointed counsel, this court determined dismissal of the opinion was not appropriate. On July 6, 2018, Ms. Hortick was ordered to file a written response to this court's June 11, 2018 order no later than July 12, 2018. The order stated if Ms. Hortick failed to file a response by that date, the appeal would be abated to the trial court to conduct an abandonment hearing, and the trial court will be instructed to consider whether sanctions should be imposed against Ms. Hortick for failing to comply with this court's orders.

      Because "involuntary termination of parental rights involves fundamental constitutional rights," *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985) (internal quotation marks omitted); *accord In re J.F.C.*, 96 S.W.3d 256, 302 (Tex. 2002), we look to the abandonment procedures for criminal cases for guidance in this circumstance. *See, e.g.*, TEX. R. APP. P. 38.8(b); *see also* TEX. FAM. CODE ANN. § 107.013 (West 2014) (requiring the trial court to appoint counsel to represent an indigent parent in a parental termination case); *In re K.S.M.*, 61 S.W.3d 632, 633 (Tex. App.—Tyler 2001, no pet.) ("Like indigent criminal appellants, indigent appellants challenging an order terminating their parental rights enjoy a right to counsel on appeal.").

Therefore, we ABATE this appeal and REMAND the cause to the trial court for an abandonment hearing. *Cf.* TEX. R. APP. P. 38.8(b); *Samaniego v. State*, 952 S.W.2d 50, 52–53 (Tex. App.—San Antonio 1997, no pet.). We ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute her appeal?

(2) Why was the notice of appeal not timely filed?

(3) Has appointed counsel abandoned the appeal? Because appellant is indigent, the trial court shall take such measures as may be necessary to ensure the effective assistance of counsel, which may include the appointment of new counsel.

(4) Should appointed counsel be sanctioned?

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from appellant. The trial court shall order Ms. Hortick to be present at the hearing. *See* TEX. R. APP. P. 38.8(b)(3).

We ORDER the trial court to deliver written findings of fact and conclusions of law addressing the questions listed above and any orders entered by the trial court as a result of the abandonment hearing to the trial court clerk within two weeks from the date of this order. We FURTHER ORDER the trial court clerk to file a supplement clerk's record containing the trial court's written findings of fact and conclusions of law and any orders entered by the trial court immediately upon its receipt of the documents.

_Sandee Bryan Marion_

Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of July, 2018.

KEITH E. HOTTLE,
Clerk of Court