

# Fourth Court of Appeals

## San Antonio, Texas

June 21, 2019

No. 04-19-00168-CV

**IN THE INTEREST OF Y.M.L., A CHILD,**

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02836
Honorable Charles E. Montemayor, Judge Presiding

## O R D E R

This is an accelerated appeal of an order terminating appellant A.R.'s parental rights. Appellant's brief was due on May 6, 2019. *See* TEX. R. APP. P. 38.6(a).

After no brief or motion for extension of time to file the brief was filed, on June 3, 2019, we ordered Appellant to show cause in writing by June 13, 2019, why her appeal should not be dismissed for want of prosecution. *See id.* R. 38.8(a). We cautioned Appellant that if she failed to respond as ordered, we would abate this appeal to the trial court for an abandonment hearing. *Cf. id.* R. 38.8(b)(2); *Herndon v. Tex. Dep't of Family & Protective Servs.*, No. 03-11-00030-CV, 2012 WL 896010, at *1 (Tex. App.—Austin Mar. 13, 2012, no pet.) (mem. op.); *In re T.V.*, 8 S.W.3d 448, 449 (Tex. App.—Waco 1999, order).

Because "involuntary termination of parental rights involves fundamental constitutional rights," *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985); *accord In re J.F.C.*, 96 S.W.3d 256, 302 (Tex. 2002), we look to the abandonment procedures for criminal cases for guidance in this circumstance, *see, e.g.*, TEX. R. APP. P. 38.8(b); *see also* TEX. FAM. CODE ANN. § 107.013 (requiring the trial court to appoint counsel to represent an indigent parent in a parental termination case); *In re K.S.M.*, 61 S.W.3d 632, 633 (Tex. App.—Tyler 2001, no pet.) ("Like indigent criminal appellants, indigent appellants challenging an order terminating their parental rights enjoy a right to counsel on appeal.").

Therefore, we ABATE this appeal and REMAND the cause to the trial court for an abandonment hearing. *Cf.* TEX. R. APP. P. 38.8(b); *Samaniego v. State*, 952 S.W.2d 50, 52–53 (Tex. App.—San Antonio 1997, no pet.). We ORDER the trial court to conduct a hearing to answer the following questions:

(1)     Does Appellant desire to prosecute her appeal?

(2)     Has retained counsel abandoned the appeal?

(3)     If Appellant is unable to afford payment of costs, should counsel be appointed?

If Appellant is unable to afford payment of court costs, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of appellate counsel.

The trial court may receive evidence on the first question by sworn affidavit from Appellant or other means determined by the trial court.  The trial court shall order Appellant's counsel to be present at the hearing.  *See id.* R. 38.8(b)(3).

We ORDER the trial court to produce written findings of fact and conclusions of law, and the trial court's recommendations addressing the questions listed above, and deliver them to the trial court clerk within FIFTEEN DAYS of the date of this order.

We ORDER the trial court clerk and court reporter, respectively, to file a supplemental clerk's record and a reporter's record in this court, not later than TWENTY DAYS from the date of this order, which records shall include the following: (1) a transcript of the hearing and copies of any documentary evidence admitted, (2) the trial court's written findings of fact and conclusions of law, and (3) the trial court's recommendations addressing the questions listed above.  *See id.*

All other appellate deadlines are SUSPENDED pending further order of this court.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of June, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court