**Fourth Court of Appeals**
San Antonio, Texas



November 20, 2019

No. 04-19-00648-CV

**IN THE INTEREST OF M.A., A CHILD,**

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-00285
Honorable Peter A. Sakai, Judge Presiding

# O R D E R

This is an accelerated appeal from the trial court's order terminating appellant's parental rights. After the notice of appeal was filed after the deadline but within the fifteen-day grace period allowed by Rule 26.3, this court ordered appellant to file a response presenting a reasonable explanation for failing to file the notice of appeal in a timely manner and advising appellant that if she failed to do so, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(c). On October 9, 2019, appellant's court-appointed counsel filed a motion for extension of time to file the notice of appeal, stating appellant's late-filing of the notice of appeal was the result of mistake and inadvertence. We granted appellant's motion for extension and accepted appellant's untimely notice of appeal.

Appellant's brief was then due November 4, 2019. Appellant did not file a brief or a motion for extension of time. On November 7, 2019, we notified appellant's court-appointed counsel by letter that the brief had not been filed and ordered counsel to file a written response stating a reasonable explanation for failing to file the brief and demonstrating that counsel was taking affirmative steps to remedy the deficiency. We warned appellant's counsel that if she did not file an adequate response within ten (10) days, we would abate this appeal to the trial court for an abandonment hearing and potentially initiate contempt proceedings. To date, this court has not received any response from appellant or appellant's counsel.

"[I]nvoluntary termination of parental rights involves fundamental constitutional rights." *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985) (internal quotation marks omitted); *accord In re J.F.C.*, 96 S.W.3d 256, 302 (Tex. 2002). Therefore, we look to the abandonment procedures for criminal cases for guidance in this circumstance. TEX. R. APP. P. 38.8(b); *see also* TEX. FAM. CODE ANN. § 107.013 (requiring the trial court to appoint counsel to represent an indigent parent in a parental termination case); *In re K.S.M.*, 61 S.W.3d 632, 633 (Tex. App.—Tyler 2001, no

pet.) ("Like indigent criminal appellants, indigent appellants challenging an order terminating their parental rights enjoy a right to counsel on appeal.").

Therefore, we ABATE this appeal and REMAND the cause to the trial court for an abandonment hearing. *See* TEX. R. APP. P. 38.8(b); *Samaniego v. State*, 952 S.W.2d 50, 52–53 (Tex. App.—San Antonio 1997, no pet.). We ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute the appeal?

(2) Has appointed counsel abandoned the appeal? Because appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

The trial court, in its discretion, may receive evidence on these questions by sworn affidavit from appellant. The trial court shall order appellant's counsel, Ms. Jessica Estorga, to be present at the hearing. *See* TEX. R. APP. 38.8(b)(3).

We ORDER the trial court to produce written findings of fact and conclusions of law and recommendations addressing the questions listed above and deliver them to the trial court clerk within **fifteen (15) days** of the date of this order.

We ORDER the trial court clerk and reporter, respectively, to file a supplemental clerk's record and a reporter's record in this court not later than **twenty (20) days** from the date of this order, which records shall include the following: (1) a transcript of the hearing and copies of any documentary evidence admitted, (2) the trial court's written findings of fact and conclusions of law, and (3) the trial court's recommendations addressing the questions listed above. *See id.*

All other appellate deadlines are SUSPENDED pending further order of this court.

Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 20th day of November, 2019.

MICHAEL A. CRUZ,
Clerk of Court