

# Fourth Court of Appeals
## San Antonio, Texas

June 28, 2022

No. 04-21-00529-CR

Manuel M. **AYALA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR9405
Honorable Frank J. Castro, Judge Presiding

## O R D E R

Appellant's brief was originally due on April 21, 2022. After Appellant did not timely file the brief or a motion for extension of time to file the brief, we ordered Appellant's counsel Patrick B. Montgomery to file a motion for extension of time, a motion to dismiss, or the brief by May 9, 2022. Appellant filed a motion for extension of time to file the brief, which we granted, and we set the brief due on June 8, 2022.

On June 14, 2022, after no brief or second motion for extension of time to file the brief was filed, we ordered Patrick B. Montgomery to file a motion for extension of time, a motion to dismiss, or the brief by June 24, 2022. We warned counsel that if no brief or motion was filed by that date, we would abate this appeal to the trial court for an abandonment hearing **without further notice**. *See* TEX. R. APP. P. 38.8(b)(2). To date, no response has been filed.

We **abate** this appeal and **remand** the cause to the trial court. *See* TEX. R. APP. P. 38.8(b); *Samaniego v. State*, 952 S.W.2d 50, 52–53 (Tex. App.—San Antonio 1997, no pet.). We **order** the trial court to conduct a hearing in compliance with Rule 38.8(b) to answer the following questions:

(1)   Does Appellant desire to prosecute his appeal?

(2)   Should Patrick B. Montgomery be removed from this appeal? If so, the trial court must appoint new appellate counsel.

(3)    Has appointed counsel abandoned the appeal?   Because sanctions may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.  *See* Tex. R. App. P. 38.8(b)(4).

The trial court, in its discretion, may receive evidence on the first question by sworn affidavit from Appellant or by allowing Appellant to appear via electronic means (e.g., telephone or video conference).  However, the trial court shall order Patrick B. Montgomery to be physically present at the hearing.  *See id.* R. 38.8(b)(3).

We **further order** the trial court to file supplemental clerk's and reporter's records in this court, not later than thirty days from the date of this order, which shall include the following: (1) a transcription of the hearing and copies of any documentary evidence admitted, (2) written findings of fact and conclusions of law, and (3) recommendations addressing the above enumerated questions.  *See id.*  This court will consider the supplemental records in its determination whether to initiate contempt proceedings against Appellant's counsel.  *See id.* R. 38.8(b)(4); *In re Fisch*, 95 S.W.3d at 732; *Samaniego v. State*, 952 S.W.2d at 53.

All other appellate deadlines are suspended pending further order of this court.


_____
Patricia O. Alvarez, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 28th day of June, 2022.

_____
Michael A. Cruz,
Clerk of Court