David Michael CAVENDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–99–242–CR.

Court of Appeals of Texas,
Waco.

March 14, 2001.

J. Kent McGuire, Waxahachie, for appellant.

Joe F. Grubbs, County and Dist. Atty. for Ellis County, Cynthia W. Hellstern, Asst. County and Dist. Atty. for Ellis County, Waxahachie, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

David Michael Cavender was charged with two counts of injury to the elderly. Cavender was convicted by a jury on one count and sentenced to four years in prison. The jury entered a verdict of not guilty as instructed by the court on the other count. Cavender's motion for new trial, in which he complained about the legal and factual sufficiency of the evidence, was overruled by operation of law. Cavender made a timely appeal.

## ADEQUACY OF THE BRIEF

In two issues on appeal, Cavender seems to question the legal and factual sufficiency of the evidence presented at trial. However, in order for this court to address a specific legal argument, the appellant must have argued his claims using appropriate citations to authorities and to the record. TEX.R.APP.P. 38.1(h). The entire text of Cavender's brief is as follows:

### STATEMENT OF THE FACTS

Viewed in a light most favorable to the verdict, the record reflects the following:

Officer Robert Nelson testified that on November 26, 1998, he was dispatched to the home of Appellant's mother, Jeanie Cavender, at 803 Kaufman Street in Waxahachie, Texas. While he was at the scene, Officer Nelson noticed swollen discolored areas and knots on the forehead of Jeanie Cavender (RR Vol. 3, pp. 23–26). Detective Cyndy Wiser testified that when she arrived at the scene, she was met by Officer Nelson and Jeanie Cavender. Detective Wiser stated the Jeanie Cavender advised her that she had been assaulted earlier in the night by the Appellant (RR Vol. 3, pp. 28–32).

### SUMMARY OF THE ARGUMENT

There is a fatal variance between the indictment and the proof adduced at trial. Count 2 of the indictment charges the Appellant with intentionally or knowingly causing bodily injury to Jeanie Cavender. However, on cross-examination, Mrs. Cavender flatly states that she was not injured by her son (RR Vol. 3, pp. 120, 126–127).

### ARGUMENT

Appellant testified that on the night before November 26, 1998, he and his two sons were in a bedroom playing music and games and having fun. As a result of the noise, an argument between Appellant and his mother ensued in the hallway outside the bedroom. In self defense, to prevent being struck, Appellant grabbed his mother's arm and held it until her temper faded away (RR Vol. 3, pp. 157–159).

Nathaniel Cavender, the 15 year old son of Appellant, testified that he was standing in the doorway and was able to observe everything taking place in the hallway. No hitting or striking of either person took place (RR Vol. 3, pp. 136–137).

Turner Cavender, Appellant's 14 year old son, testified that he did not see any of the argument that took place that night because he was in the bedroom. He only heard them arguing (RR Vol.3, p. 83).

### PRAYER

WHEREFORE, premises considered, Appellant prays that this Honorable Court set aside the verdict of the jury convicting the appellant of the offense of

Injury to the Elderly and remand this cause to the trial court for a new trial.

Argument to a jury or to an appellate court is the process by which the advocate applies the specific facts of the case to the applicable law. There is not a citation to a single case in the entire brief. Because *Cavender* merely states claims without any argument or citation to legal authority to support his contentions, nothing has been presented to this court for review. *See Garcia v. State*, 887 S.W.2d 862, 882–83 (Tex.Crim.App.1994). While the Texas Rules of Appellate Procedure allow broad application with regard to briefing and issues presented, it is a waste and improper use of judicial resources to brief an appellant's case for him. We have previously cautioned that counsel should adequately state and brief each issue. *Purvis v. State*, 4 S.W.3d 118, 119–20 (Tex.App.—Waco 1999); *Turner v. State*, 4 S.W.3d 74, 80, 81 (Tex.App.—Waco 1999). *See also Nevels v. State*, 954 S.W.2d 154 (Tex.App.—Waco 1997, pet. ref'd); *Deckard v. State*, 953 S.W.2d 541 (Tex.App.—Waco 1997, pet. ref'd).

After three extensions, Cavender's brief was filed on February 14, 2000. The state filed its brief on February 18, 2000. In its brief, the state directly addressed the inadequacies of the Cavender's brief, specifically citing the lack of appropriate authority or supporting arguments. Rule 44.3 provides that an appellant must be given reasonable time to correct or amend any defects or irregularities in appellate procedure. TEX.R.APP.P. 44.3. This case was submitted May 3, 2000. At no time before or after submission did Cavender take any action to supplement his brief in response to the arguments made by the State. Cavender has had more than sufficient time to correct or amend the defective brief. Cavender has presented nothing for our review.

**CONCLUSION**

The judgment of the trial court is affirmed.