**Jamie Dean TUBBS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–99–368–CR.**

Court of Appeals of Texas,
Waco.

Aug. 22, 2001.

Discretioary Review Refused
Jan. 9, 2002.

---

in the face and knocked him to the ground. As Gervais rose to run away, Tubbs chased after him. He tackled Gervais and began kicking him in the face. Powell and Raymond Kelly followed Tubbs and verbally attempted to stop Tubbs from beating Gervais. When Tubbs continued kicking Gervais, Kelly ran back to Heather's house. Powell left the scene as well. Heather also had seen Tubbs kicking Gervais.

When Tubbs returned to Heather's house, his white tennis shoes were covered in blood. He told Kelly to put them in the washer. Kelly obeyed, but did not turn the washer on.

Gervais was found walking and disoriented by some passers-by who called the police. He was taken to the hospital to be treated for severe facial injuries. The next day, Tubbs was arrested for the assault at his grandmother's house. His white tennis shoes were soaking wet, as if freshly washed.

Guy D. Cox, Law Office of Guy Cox, Waco, for appellant.

John W. Segrest, McLennan County District Attorney, James Wiley, McLennan County Asst. District Attorney, Waco, for appellee.

Before Chief Justice DAVIS, and Justices VANCE and GRAY.

## OPINION

GRAY Justice.

Jamie Dean Tubbs was convicted of the attempted murder of John Gervais. The jury sentenced him to 20 years in prison. He now appeals. We affirm.

### BACKGROUND

On the night of April 12, 1999, John Gervais was walking down Battaile Street in Elm Mott, Texas. Jamie Tubbs summoned Gervais to the front yard of Heather Bohannan's house, where he and several other people were gathered, to ask for some marijuana. When Gervais replied that he did not have any in his possession at the time, he continued walking. On the count of "three," Kevin Powell, one of those gathered in the yard, struck Gervais

### MOTION TO QUASH

In his first issue, Tubbs contends that the trial court erred in denying his motion to quash the indictment. Tubbs alleges that the indictment failed to recite a necessary element of attempted murder, that being "serious bodily injury." The State complains that this issue is inadequately briefed because it presents no argument and contains no cited authority in support of the stated issue. Thus, the State contends, no issue is presented for our review. We agree. *See Cavender v. State,* 42 S.W.3d 294, 296 (Tex.App.—Waco 2001, no pet). Tubbs's first issue is overruled.

### JURY CHARGE

In his next two issues, Tubbs complains about the adequacy of the jury charge on

the guilt/innocence phase. Tubbs's counsel read into the record two objections to the court's charge. The first objection dealt with his request for an instruction requiring proof of serious bodily injury. The second objection dealt with his request for an accomplice witness instruction. After some discussion off the record, the court returned to the record and asked the State to respond to Tubbs's objection. The State responded to the second objection only. The trial court "overrule[d] the objection." We view the court's action as an explicit ruling on the second objection and an implicit ruling on the first objection.

*SERIOUS BODILY INJURY*

■ In his second issue, Tubbs contends that the State was required to prove that the victim sustained serious bodily injury before the jury could find Tubbs guilty of attempted murder. He argues that because the State only alleged "bodily injury" and thus the court only charged "bodily injury," the jury was not correctly charged on the offense. He further contends that proof of "bodily injury" lowered the burden of proof for the State and caused him substantial harm.

The court charged the jury as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 12th day of April, 1999, in McLennan County, Texas, the defendant, Jamie Dean Tubbs did, then and there intentionally, with the specific intent to commit the offense of murder of John Gervais do an act, to-wit: cause bodily injury to John Gervais by striking John Gervais with Defendant's hand, hands, foot or feet, which amounted to more than mere preparation that tended but failed to effect the commission of the

offense intended, then you will find the defendant guilty of attempted murder, as charged in the indictment.

Tubbs contends that in order to convict him of attempted murder, the jury should have been charged that he caused "serious bodily injury" rather than "bodily injury" to John Gervais.

*Law*

■ A person commits the offense of murder if:

(1) he intentionally or knowingly causes the death of an individual;

(2) he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. . . . [1]

TEX. PEN.CODE ANN. § 19.02(b)(1) & (2) (Vernon 1994). A person commits the offense of criminal attempt if:

(1) with specific intent to commit an offense;

(2) he does any act;

(3) amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

*Id.* § 15.01(a). The element "with specific intent to commit an offense" has traditionally been interpreted to mean that the actor must have the intent to bring about the desired result, which in the case of attempted murder is the death of the individual. *Flanagan v. State*, 675 S.W.2d 734, 741 (Tex.Crim.App.1984)(*op'n on reh'rg*). Murder may be committed without an intent to kill; for example, by intending to cause serious bodily injury. *See id.* § 19.02(b)(2). However, attempted murder can only be committed by a person who has the specific intent to commit or complete the offense of murder, *i.e.* has

---

1. There is a third way to commit murder which is irrelevant to the disposition of this case.

the intent to kill. *Flanagan*, 675 S.W.2d at 742. Intent to cause serious bodily injury is not the same as intent to commit the offense of murder. *Id.* at 741. If the intent is to cause serious bodily injury, the offense is aggravated assault, not attempted murder. *Dovalina v. State*, 564 S.W.2d 378, 386 (Tex.Crim.App.1978)(Odom, J., concurring). "Section 19.02(b)(1) is the only form of murder that requires an intent to murder, and since Section 15.01(a) requires an intent to commit the offense attempted, only Section 19.02(b)(1) will support attempted murder." *Id.*

*Application*

Tubbs was charged with attempt to commit murder. The charge was not required to include the phrase "serious bodily injury" as an element of proof. Had the charge required proof of serious bodily injury, the offense attempted would not be murder, but aggravated assault. Thus, the trial court did not err in overruling Tubbs's objection to the charge. His second issue is overruled.

*ACCOMPLICE WITNESS*

 In his third issue, Tubbs argues that the trial court should have included an instruction in the jury charge on accomplice witnesses. He submitted a proposed instruction which was rejected. Tubbs contends that Raymond Kelly, one of the State's chief witnesses, was an accomplice to the offense.

*Law*

 An accomplice witness is someone who has participated with someone else before, during or after the commission of a crime. *Kunkle v. State*, 771 S.W.2d 435, 439 (Tex.Crim.App.1986); *Williams v. State*, 47 S.W.3d 626, 630 (Tex.App.—Waco 2001). The participation must involve some form of affirmative act committed by the witness to promote the commission of that offense. *McFarland v. State*, 928 S.W.2d 482, 514 (Tex.Crim.App.1996); *In*

*re M.E.R.*, 995 S.W.2d 287, 289 (Tex. App.—Waco 1999, no pet.). A person who is merely present at the scene of the offense is not an accomplice. *Blake v. State*, 971 S.W.2d 451, 454 (Tex.Crim.App.1998). Moreover, a witness is not an accomplice witness merely because he or she knew of the offense and did not disclose it, or even concealed it. *Kunkle*, 771 S.W.2d at 439. A witness is an accomplice if he or she could be prosecuted for the same offense as the defendant. *Blake*, 971 S.W.2d at 454–455. The test is whether there is sufficient evidence in the record to support a charge against the witness claimed to be an accomplice. *Id.* at 455; *Moore v. State*, 984 S.W.2d 783, 787 (Tex.App.—Waco 1999, no pet.).

*Application*

There is no evidence in the record that Kelly participated in the attempted murder of Gervais. Tubbs points to testimony that Kelly put Tubbs's blood-soaked shoes in the washer to wash them as an affirmative act to promote the commission of the offense. However, the evidence established that Tubbs ordered Kelly to put the shoes in the washer. There was no evidence that Kelly ever turned on the washer. The shoes were found the next day, freshly washed, still soaking wet, at his grandmother's house, not at the Bohannan house where Tubbs ordered Kelly to wash them. Based on the record before us, the trial court correctly determined Kelly was not an accomplice witness. Thus, the trial court did not err in rejecting Tubbs's request for an accomplice witness instruction. His third issue is overruled.

SUFFICIENCY OF THE EVIDENCE

In his last issue, Tubbs contends the evidence was insufficient, both legally and factually, to support his conviction because the State did not prove that the victim

suffered serious bodily injury. The jury was not charged as to serious bodily injury, and as stated previously, the court was not required to charge as to serious bodily injury. Therefore, Tubbs's issue is without merit and is overruled.

CONCLUSION

Having overruled each issue, the judgment of the trial court is affirmed.