**Yolanda Denise WALDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–01–238–CR.**

Court of Appeals of Texas,
Waco.

July 24, 2002.

Rickey D. Jones, Corsicana, for Appellant/Relator.

Patrick C. Batchelor, Navarro County Criminal District Attorney, David P. Lamb, Navarro County Assistant Criminal District Attorney, Corsicana, for Appellee/Respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER

PER CURIAM.

Yolanda Denise Walder's court-appointed counsel filed an appellant's brief on November 8, 2001 which presented two points of error: (1) the State failed to prove that Walder's failure to pay her fine and community supervision fees was intentional; and (2) the trial court effectively denied her right to counsel by denying her continuance motion and request to hire counsel. Counsel cited one case, one statute, and one constitutional provision in support of these points. The State filed its brief on December 10.

After further review, this Court determined that appellant's brief is deficient because it "does not provide adequate citations to pertinent legal authorities." *See* TEX.R.APP. P. 38.1(h). By letter dated May 30, 2002, the Court directed appellant's counsel to file an amended brief which corrects this deficiency within ten days after the date of the letter. *Id.* 38.9. Counsel filed a motion for extension on June 12 requesting additional time to file the amended brief because counsel had been out of town for most of the ten-day period provided by the May 30 notice. We granted this request.

The Court received a "supplemental brief" from counsel on July 1. The supplemental brief does not refer to the points raised in the original brief. Rather, it presents a "supplemental point" in which counsel contends that appellant received ineffective assistance of counsel at trial. Regardless of whether this point is adequately briefed, counsel wholly failed to comply with this Court's directive of May 30. In addition, counsel has not sought leave of court to present an additional point of error in a supplemental brief. *See* TEX.R.APP. P. 38.7; 10TH TEX.APP. (WACO) LOC. R. 13(e).

With disturbing frequency, this Court receives briefs which are inadequate. *See, e.g., Tubbs v. State*, 57 S.W.3d 519, 521 (Tex.App.-Waco 2001, pet. ref'd); *White v. State*, 50 S.W.3d 31, 40, 45 (Tex.App.-Waco 2001, pet. ref'd); *Cavender v. State*, 42 S.W.3d 294, 295–96 (Tex.App.-Waco 2001, no pet.); *Price v. State*, 15 S.W.3d 577, 578–79 (Tex.App.-Waco 2000, pet. ref'd); *Purvis v. State*, 4 S.W.3d 118, 119–20 (Tex. App.-Waco 1999, no pet.); *Turner v. State*, 4 S.W.3d 74, 80–81 (Tex.App.-Waco 1999, no pet.). "[I]t is a waste and improper use of judicial resources to brief an appellant's case for him." *Cavender*, 42 S.W.3d at 296.[1]

The Sixth Amendment requires appellate counsel to render effective assistance on behalf of his client. *See Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821, 830 (1985); *Ex parte Potter*, 21 S.W.3d 290, 297 n. 7 (Tex.Crim. App.2000). Appointed appellate counsel must render assistance of counsel substantially equal to that which retained counsel would provide. *See McCoy v. Court of Appeals*, 486 U.S. 429, 438, 108 S.Ct. 1895,

---

1. The cases cited represent only a small fraction of the inadequate briefs this Court has received. Frequently, we distill the essence of the issue presented despite the shortcomings of a particular brief. That we have chosen counsel's brief in this case to address the issue of inadequate briefing should not be taken as an indication that counsel's brief is anymore deficient than others we have received.

1902, 100 L.Ed.2d 440, 453 (1988); *see also Douglas v. California,* 372 U.S. 353, 357, 83 S.Ct. 814, 816, 9 L.Ed.2d 811, 814 (1963) ("Absolute equality is not required....").

> Every advocate has essentially the same professional responsibility whether he or she accepted a retainer from a paying client or an appointment from a court. The appellate lawyer must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal. In preparing and evaluating the case, and in advising the client as to the prospects for success, counsel must consistently serve the client's interest to the best of his or her ability.[2]

*McCoy,* 486 U.S. at 438, 108 S.Ct. at 1902, 100 L.Ed.2d at 453 (footnote added). An attorney who files an inadequate brief does not "serve the client's interest to the best of his or her ability." *Id.*

### PROPER FORM FOR A BRIEF

Rule of Appellate Procedure 38.1 provides clear guidelines for the form of an appellant's brief. *See* TEX.R.APP. P. 38.1. Most attorneys who file deficient briefs do so with respect to the "Argument" portion of their briefs. *Id.* 38.1(h). Rule 38.1(h) provides:

> (h) Argument. The brief *must* contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.

*Id.* (emphasis added).

To satisfy the mandatory requirement of "a clear and concise argument," the "Argument" portion of a brief in a criminal appeal should contain the following elements:

1. counsel should state the issue or point presented for review in a concise manner; *see id.* 38.1(e);
2. counsel should identify the evidence or other matters in the record (*e.g.,* pleadings, arguments, or objections) pertinent to the issue or point "with appropriate citations ... to the record"; *Id.* 38.1(h);
3. counsel should explain how the issue or point presented has been preserved for appellate review or why no preservation is required "with appropriate citations to authorities and to the record"; *Id.;*
4. counsel should state the appropriate standard of appellate review "with appropriate citations to authorities"; *Id.;*
5. counsel should identify the legal principles which govern the issue or point presented "with appropriate citations to authorities"; *Id.;*
6. counsel should clearly and concisely explain how these legal principles apply to the facts of the case as set out in number 2 above; *Id.;*
7. counsel should explain whether the issue or point presents a constitutional or non-constitutional error "with appropriate citations to authorities"; *Id.;* and
8. counsel should explain how this error harmed his client under the appropriate analysis provided by Rule 44.2 "with appropriate citations to authorities and to the record." *Id.*[3]

---

**2.** This does not, however, require counsel to file a brief which raises every non-frivolous issue shown by the record. *See Jones v. Barnes,* 463 U.S. 745, 754, 103 S.Ct. 3308, 3314, 77 L.Ed.2d 987, 995 (1983); *Williams v. State,* 946 S.W.2d 886, 904 (Tex.App.-Waco 1997, no pet.).

**3.** While "no burden to show harm [can] be placed on the defendant who appeals," an appellant "may assist [an appellate court] by suggesting how the appellant was harmed" by the error at issue. *See Johnson v. State,* 43 S.W.3d 1, 4 (Tex.Crim.App.2001).

"Appropriate citations ... to the record" provide the volume and page of the clerk's record or reporter's record at which the evidence or other matter pertinent to the issue or point is located. *See* 10TH TEX.APP. (WACO) LOC. R. 13(c).

"Appropriate citations to authorities" should include pertinent cases, statutes, rules and constitutional provisions. When citing cases, counsel should identify and cite, at a minimum, pertinent decisions of the Supreme Court of the United States, the Court of Criminal Appeals, of this Court when available, and if no cases from this Court can be located on the issue presented, of other Texas intermediate courts of appeals.[4] *See* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. 1.4(d), at 25–26 (16th ed.2d prtg., Harvard Law Review Ass'n 1996); TEXAS RULES OF FORM § 25.1, at 80 (9th ed., Texas Law Review 1997). Counsel need not cite more than three cases on settled issues or principles. "In citing cases, specific page citations should be given to the pages where the relevant holdings or quotations may be found." 10TH TEX.APP. (WACO) LOC. R. 13(b). Counsel should research the subsequent history of any case cited to be sure that it has not been reversed or modified. When counsel cites a decision of one of the fourteen intermediate courts of appeals, counsel should provide a subsequent history on any petition for discretionary review or indicate that no petition was filed. *Id.*

## COUNSEL'S BRIEF

■ With regard to the first issue presented, counsel argues that the State failed to prove that Walder's failure to pay her fine and community supervision fees was intentional. Counsel does an adequate job of identifying the evidence pertinent to this issue. Counsel does not identify the appropriate standard for appellate review of a revocation order. Counsel does identify the legal principle at issue but cites only one statute and one case and improperly refers to the case as a decision of the Court of Criminal Appeals although it was from the First Court of Appeals in Houston. *See Greathouse v. State*, 33 S.W.3d 455 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). Because of the deficiencies noted, counsel's brief is inadequate with respect to the first issue.

■ The second issue presented by counsel contends that the trial court effectively denied Walder's right to counsel by denying her continuance motion and request to hire counsel. Counsel cites only article I, section 10 of the Texas Constitution. Counsel identifies some of the facts pertinent to this issue but does not identify the appropriate standard of appellate review or cite any authorities regarding a criminal defendant's right to hire counsel of her own choosing, particularly on the eve of trial. Because of these deficiencies, counsel's brief is inadequate with respect to the second issue.

■ Counsel's "supplemental brief" presents an ineffective assistance of counsel complaint, closely related to the second issue presented in the original brief. As noted, counsel has not received leave of court to brief an additional issue. *See* 10TH TEX.APP. (WACO) LOC. R. 13(e). In addition, counsel does not fully set out the appropriate standard of review for an ineffective assistance complaint, noting only that we must review "the totality of the

---

4. If there are no Texas cases on the issue presented, counsel may cite federal authorities or decisions from other states. When *counsel relies on such authorities, it is helpful* to the Court for counsel to include copies of such authorities in an appendix to the brief, even though an appendix is not required for briefs in criminal cases. *See* TEX.R.APP. P. 38.1(j)(2).

representation." Although counsel cites three cases, he relies on only one to make his argument that trial counsel rendered ineffective assistance. Counsel identifies several reasons for his contention that trial counsel's performance was deficient, but counsel does not "show a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceeding would have been different." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim. App.2002) (citing *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984)). For these reasons, counsel's supplemental brief is inadequate.

## CONCLUSION

■ "[C]ounsel must consistently serve the client's interest to the best of his or her ability." *McCoy*, 486 U.S. at 438, 108 S.Ct. at 1902, 100 L.Ed.2d at 453. To date, Walder's counsel has failed to do so. We have thoroughly explained the format of a proper brief and how counsel's briefs fail to satisfy these requirements. Accordingly, counsel is directed to file an amended brief which complies with these requisites within fourteen days after the date of this Order. If counsel fails to do so, this cause will be abated to the trial court for a hearing to determine why counsel has failed to comply. *See* TEX.R.APP. P. 38.8(b). Failure to comply may also result in a referral to the appropriate State Bar disciplinary authority. *See Lopes v. State*, 68 S.W.3d 286, 288 (Tex.App.-Waco 2002, order).

IT IS SO ORDERED.