COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NOS. 2-03-007-CR
                                                                   
   2-03-008-CR
 
DAVID L. SMITH                                                                        
APPELLANT
V.
THE STATE OF TEXAS                                                                      
STATE
------------
FROM COUNTY CRIMINAL COURT
NO. 5 OF TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
A jury in municipal court found
Appellant David L. Smith(2) not guilty of assault
but found him guilty of disorderly conduct and imposed a fine of $500. The trial
court additionally required Smith to pay $53 in court costs. Based on Smith's
conduct during trial, the court also found Smith in direct contempt of court,
sentenced him to three days' confinement in jail, and imposed a $100 fine.(3)
Smith appealed his assault conviction to County Criminal Court Number Five of
Tarrant County. See Tex. Gov't Code Ann. § 30.00014 (Vernon Supp.
2003). That court affirmed the conviction. Smith now appeals to this court,
raising twenty-three issues. See id. § 30.00027.
Although Smith's brief sets out
twenty-three issues, it fails to present argument, authorities, and record
references for each issue. Instead, Smith's brief contains one
"Argument" section that lumps the issues together and leaves most
issues unaddressed. In fact, the whole argument section of Smith's brief is
simply an eight-page string of complaints. The only cases cited by Smith in
support of his twenty-three issues are cited for the proposition that the
municipal court judge erred or abused his discretion by holding Smith in direct
contempt of court. Smith previously attempted to appeal his contempt judgment to
this court. We dismissed his appeal for want of jurisdiction and explained in a
memorandum opinion that contempt judgments are usually not appealable. We again
hold that we do not have jurisdiction over Smith's complaints regarding the
contempt judgment entered against him. See Cadle Co. v. Lobingier, 50
S.W.3d 662, 671 (Tex. App.--Fort Worth 2001, pet. denied). We therefore dismiss
the issues raised by Smith in this appeal regarding the contempt judgment
entered against him.
The right to appellate review in
this state extends only to complaints made in accordance with our published
rules of appellate procedure--which require an appellant to make specific
arguments, to cite authorities, and to specify the pages in the record where
each alleged error can be found. Tex. R. App. P. 38.1; see Narvaiz v. State,
840 S.W.2d 415, 429 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 975
(1993); Pierce v. State, 777 S.W.2d 399, 418 (Tex. Crim. App. 1989)
(holding that appellant's failure to cite to relevant portions of the record and
to set out the legal theory supporting his contention means that nothing is
presented for review), cert. denied, 496 U.S. 912 (1990). As an
appellate court, it is not our task to pore through hundreds of pages of record
in an attempt to verify an appellant's claims. Alvarado v. State, 912
S.W.2d 199, 210 (Tex. Crim. App. 1995). We hold that none of Smith's issues are
preserved for our review. Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim.
App. 2000), cert. denied, 532 U.S. 1053 (2001); Narvaiz, 840
S.W.2d at 429; Harris v. State, 827 S.W.2d 949, 958 (Tex. Crim. App.), cert.
denied, 506 U.S. 942 (1992). Because Smith is not indigent, is an attorney,
and has chosen to represent himself, we will not authorize rebriefing in this
appeal. Compare Walder v. State, 85 S.W.3d 824, 824-29 (Tex. App.--Waco
2002, no pet.) (ordering rebriefing when appointed counsel filed an inadequate
brief). Having dismissed Smith's complaints concerning the contempt judgment, we
overrule the balance of Smith's issues.(4) We
affirm the trial court's judgments.

                                                                        
SUE WALKER
                                                                        
JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and
WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.3(a)
DELIVERED: March 27, 2003

1. See Tex. R. App. P. 47.4.
2. Smith is an attorney and has represented himself
throughout these proceedings.
3. With regard to the contempt charges, Smith was released
from jail on a pretrial writ of habeas corpus, in which bond was set. He
requested that the presiding judge of the administrative judicial region assign
another judge (not the municipal court judge) to determine his guilt or
innocence. The 371st District Court was assigned and ultimately
signed an order finding Smith to be in direct contempt of court and assessed a
sentence of one day in jail and a fine of $100 plus court costs.
4. We note that Smith raises various issues challenging
the assault offense he was acquitted of, our appeal number 02-03-007-CR. For
example, he complains that the judge impermissibly refused to allow him to make
an offer of proof of testimony regarding the assault. Because the jury acquitted
Smith of assault, his substantial rights were as a matter of law not affected by
the errors, if any, that occurred regarding that offense.