David L. Smith v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-03-007-CR

        
2-03-008-CR

DAVID L. SMITH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury in municipal court found Appellant David L. Smith
(footnote: 2) not guilty of assault but found him guilty of disorderly conduct and imposed a fine of $500. The trial court additionally required Smith to pay $53 in court costs.  Based on Smith’s conduct during trial, the court also found Smith in direct contempt of court, sentenced him to three days’ confinement in jail, and imposed a $100 fine.
(footnote: 3)  Smith appealed his assault conviction to County Criminal Court Number Five of Tarrant County.  
See
 
Tex. Gov’t Code Ann. 
§ 30.00014 (Vernon Supp. 2003).  That court affirmed the conviction.  Smith now appeals to this court, raising twenty-three issues.  
See id. 
§ 30.00027.

Although Smith’s brief sets out twenty-three issues, it fails to present argument, authorities, and record references for each issue.  Instead, Smith’s brief contains one “Argument” section that lumps the issues together and leaves most issues unaddressed.  In fact, the whole argument section of Smith’s brief is simply an eight-page string of complaints.  The only cases cited by Smith in support of his twenty-three issues are cited for the proposition that the municipal court judge erred or abused his discretion by holding Smith in direct contempt of court.  Smith previously attempted to appeal his contempt judgment to this court.  We dismissed his appeal for want of jurisdiction and explained in a memorandum opinion that contempt judgments are usually not appealable.  We again hold that we do not have jurisdiction over Smith’s complaints regarding the contempt judgment entered against him.  
See Cadle Co. v. Lobingier
, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied).  We therefore dismiss the issues raised by Smith in this appeal regarding the contempt judgment entered against him.

The right to appellate review in this state extends only to complaints made in accordance with our published rules of appellate procedure—which require an appellant to make specific arguments, to cite authorities, and to specify the pages in the record where each alleged error can be found.  
Tex. R. App. P.
 38.1; 
see Narvaiz v. State
, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993); 
Pierce v. State
, 777 S.W.2d 399, 418 (Tex. Crim. App. 1989) (holding that appellant’s failure to cite to relevant portions of the record and to set out the legal theory supporting his contention means that nothing is presented for review), 
cert. denied
, 496 U.S. 912 (1990).  
As an appellate court, it is not our task to pore through hundreds of pages of record in an attempt to verify an appellant's claims.  
Alvarado v. State
, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995).  We hold that none of Smith’s issues are preserved for our review.  
Tong v. State, 
25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 1053 (2001);
 Narvaiz
, 840 S.W.2d at 429; 
Harris v. State
, 827 S.W.2d 949, 958 (Tex. Crim. App.), 
cert. denied
, 506 U.S. 942 (1992). Because Smith is not indigent, is an attorney, and has chosen to represent himself, we will not authorize rebriefing in this appeal.  
Compare Walder v. State
, 85 S.W.3d 824, 824-29 (Tex. App.—Waco 2002, no pet.) (ordering rebriefing when appointed counsel filed an inadequate brief).  Having dismissed Smith’s complaints concerning the contempt judgment, we overrule the balance of Smith’s issues.
(footnote: 4)  We affirm the trial court’s judgments.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
 47.3(a)

DELIVERED:  March 27, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Smith is an attorney and has represented himself throughout these proceedings.  

3:
With regard to the contempt charges, Smith was released from jail on a pretrial writ of habeas corpus, in which bond was set.  He requested that the presiding judge of the administrative judicial region assign another judge (not the municipal court judge) to determine his guilt or innocence.  The 371
st
 District Court was assigned and ultimately signed an order finding Smith to be in direct contempt of court and assessed a sentence of one day in jail and a fine of $100 plus court costs.

4:
We note that Smith raises various issues challenging the assault offense he was acquitted of, our appeal number 02-03-007-CR.  For example, he complains that the judge impermissibly refused to allow him to make an offer of proof of testimony regarding the assault.  Because the jury acquitted Smith of assault, his substantial rights were as a matter of law not affected by the errors, if any, that occurred regarding that offense.