Mark Anthony Espinoza v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-233-CR
No. 10-03-235-CR

Â Â Â Â Â MARK ANTHONY ESPINOZA,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the Criminal District Court 5
Dallas County, Texas
Trial Court Nos. F01-48365-VL & F03-71532-VL
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Mark Anthony Espinoza appealed his convictions in these causes. The court pronounced
sentence in each case on May 15, 2003. Espinoza did not file motions for new trial. Accordingly,
the clerkâs record in each case was due on July 14, 2003. See Tex. R. App. P. 35.2(a). In the
meantime, Espinozaâs appeals were transferred from the Dallas Court of Appeals to this Court.
Â Â Â Â Â Â The district clerk advised the Clerk of this Court by letter dated August 12, 2003 that the
clerkâs record in each appeal had not been filed because Espinoza had failed to pay the clerkâs fee
for preparation of the record. Accordingly, the Clerk of this Court sent the following notice to
Espinoza in each case on August 21, 2003:
The clerkâs record in the above cause has apparently not been filed because appellant
has failed to pay or make arrangements to pay the clerkâs fee for preparation of the
record. If appellant desires to proceed with this appeal, he must pay or make
arrangements to pay the clerkâs fee and notify this Court of the actions taken within ten
days after the date of this letter. If appellant fails to do so, this appeal will be dismissed
for want of prosecution.

To date, the Court has received no response to this notice. 
Â Â Â Â Â Â Rule of Appellate Procedure 37.3(b) provides that if an appellant fails to pay or make
arrangements to pay the clerkâs fee for preparation of the record, the Court may:
dismiss the appeal for want of prosecution, unless the appellant was entitled to proceed
without payments of costs. The court must give the appellant a reasonable opportunity
to cure before dismissal.

Tex. R. App. P. 37.3(b).
Â Â Â Â Â Â The Court has received no information to suggest that Espinoza is indigent. He has not made
the necessary arrangements for the filing of the clerkâs records despite being given the opportunity
to do so. Id. Accordingly, we dismiss these appeals for want of prosecution.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Gray,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Judge Allen


 (Sitting by Assignment)
Appeals dismissed
Opinion delivered and filed December 10, 2003
Do not publish
[CR25]



e Legislature expects
litigants to comply with Section 263.405(b) of the Family Code.Ô  Id. at 815 n.2 (quoting House Comm. on Juvenile
Justice & Family Issues, Bill Analysis, Tex. H.B. 409, 79th Leg.,
R.S. (2005)).  In light of this statement of purpose and the plain language of
section 263.405(i), it is my view that the common-law doctrine of fundamental
error does not apply in cases governed by section 263.405.

Â Â Â Â Â Â Â Â Â Â Â  Moncrief also contended in her
response that any insistence on compliance with section 263.405(b) under the
unique circumstances of her case operates to deprive her of due process.Â 
However, she did not raise this issue in her brief.Â  It is well-settled that
this Court cannot address an issue in a civil appeal which has not been raised
as an issue or point of error in the appealing partyÂs brief.Â  See Pat Baker
Co. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998) (per curiam); French v.
Gill, 206 S.W.3d 737, 743 (Tex. App.ÂTexarkana 2006, no pet.); Dawson v.
Briggs, 107 S.W.3d 739, 744 (Tex. App.ÂFort Worth 2003, no pet.); but see
Pena v. State, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006) (Âappellate
courts are free to review Âunassigned errorÂÂ in criminal appeals).Â 
Accordingly, absent properly assigned error, this Court cannot address the
question of whether section 263.405(i) violates MoncriefÂs right to due
process.

Â Â Â Â Â Â Â Â Â Â Â  Raising the issue of due process in a
response is not the same as briefing the issue.Â  Prudent appellate counsel
should always address preservation with respect to any issue presented for
appellate review, even if this is done in a single sentence with an appropriate
citation to the record (e.g., ÂThis issue was preserved by appellantÂs
timely filed statement of points.Â  II C.R. at 100.Â).Â  See Walder v. State,
85 S.W.3d 824, 827 (Tex. App.ÂWaco 2002, order) (per curiam) (in argument
portion of brief, Âcounsel should explain how the issue or point presented has
been preserved for appellate review Â .Â  .Â  . Â Âwith appropriate citations to
authorities and to the recordÂÂ).Â  Or, as this Court said in Walder,
Âcounsel should explainÂ  .Â  .Â  .Â  why no preservation is required.ÂÂ  Id.

Â Â Â Â Â Â Â Â Â Â Â  Here, Moncrief failed to preserve her
complaint because she did not file a statement of points.Â  Under these
circumstances, her appellate counsel should have acknowledged this failure
(particularly in view of the notice sent by the Clerk of this Court which
expressly referenced this failure) and briefed the issue of why Moncrief should
be excused from compliance with section 263.405.Â  Such briefing would
ostensibly present argument and authorities to support the due process
complaint on which the dissent relies.Â  Presenting this issue in the
appellantÂs brief would also presumably lead the Department to respond in the
appelleeÂs brief with argument and authorities to demonstrate why there is no
due process violation.Â  The issue would be fully joined, and it would then be
appropriate for this Court to evaluate the merits of such a complaint.Â 
However, Moncrief did not brief this issue.Â  Therefore, I believe that this
Court should not address any potential violation of her right to due process.Â  See
Pat Baker Co., 971 S.W.2d at 450; French, 206 S.W.3d at 743; Dawson,
107 S.W.3d at 744.




Because Moncrief failed to properly preserve her
complaint, I concur in the judgment of affirmance.

Â 

Â 

FELIPE REYNA

Justice

Â 

Concurring opinion delivered
and filed August 15, 2007