IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00140-CR

 

Jeffery Popp,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2002-277-C

 



MEMORANDUM Opinion



 








Jeffery Popp’s house in West, Texas, was the subject of a raid by a local drug task
force.  Popp discarded a baggie
containing amphetamine as the officers attempted to arrest him.  Numerous items were found in and around
Popp’s house, suggesting that he also manufactured amphetamine and methamphetamine.  Popp was convicted of possessing amphetamine
in an amount more than 4 grams but less than 400 grams.  The jury assessed his punishment at 11 years
in prison.  We affirm.

Popp brings 11 issues alleging errors in his
proceedings below.  In his first issue,
he contends that the trial court erred in admitting extraneous offense evidence
in violation of the Texas Rules of Evidence. 


At trial, Popp objected under Rules 404(b) and
403 to the admission of antihistamine tablets, lithium batteries, a plastic
trash bag containing parts of disassembled lithium batteries, a hydrochloric
gas generator, muratic acid, and salt into evidence and to the testimony of the
use of the items in the manufacture of methamphetamine and amphetamine.  Additionally, Popp objected under the same
rules to the admission of a propane tank containing anhydrous ammonia.  

The State contends that the evidence was
admissible to show Popp’s knowledge of possession of the amphetamine.  Tex.
R. Evid. 404(b).  Knowledge, or
criminal intent, is an essential element of the crime of possession of a
controlled substance.  Arnott v. State, 498 S.W.2d 166, 176
(Tex. Crim. App. 1973) (op’n on reh’g). 
Evidence which tends to show knowledge is a relevant and admissible part
of the State’s case even though that evidence may show the accused committed
another crime.  Id. at 176 & 177; see Montgomery v.
State, 810 S.W.2d 372, 387
(Tex. Crim. App. 1991) (op’n on reh’g).  

Evidence of the tools of manufacturing
methamphetamine and amphetamine which were recovered from Popp’s house tends to
show Popp knew he possessed amphetamine. 
See Pigg v. State, 760 S.W.2d 330, 332 (Tex. App.—Beaumont 1988, no
pet.); see also Bunch v. State, No. 07-01-0171-CR, 2002 Tex. App. LEXIS 3947 *6
(Tex. App.—Amarillo 2002, pet. ref’d) (not designated for publication).  Thus, the trial court did not abuse its
discretion in admitting the evidence and the testimony of each item’s use over
Popp’s Rule 404(b) objection.

But Popp also argues that even if relevant, the
probative value of the evidence was substantially outweighed by the danger of
unfair prejudice.  Tex. R. Evid. 403.  As an appellate court, we must measure the
trial court’s ruling against the relevant criteria by which a Rule 403 decision
is to be made.  Montgomery, 810 S.W.2d at 392.  In examining the challenged evidence and
weighing its admissibility under the factors suggested by Montgomery, the trial court did not abuse its discretion
in admitting the evidence over Popp’s Rule 403 objection.

Popp also complains under this issue about the
admission of digital scales, Zig Zag rolling papers, a cut-down straw
containing a white residue, a small compact mirror, an address book, and the
supporting testimony regarding the uses for these items.  Trial counsel did not object to the testimony
regarding the uses of these objects and specifically stated that he had no
objection to the admission of these items, other than the digital scales, into
evidence.  This complaint is not preserved.  Tex.
R. App. P. 33.1.

As to the digital scales, the only objection
made at trial was, “[N]o additional objections other than the running
objection.”  Popp had requested a running
objection during the testimony of previous witnesses as to items collected.  However, he did not reiterate that objection
with the witness that testified about the digital scales.  An advocate who lodges a running objection
should take pains to make sure it does not encompass too broad a reach of
subject matter over too broad a time or over different witnesses.  Sattiewhite
v. State, 786 S.W.2d 271, 283 n. 4 (Tex. Crim. App. 1989); see also In the Interest of A.P., 42 S.W.3d 248, 260 (Tex. App.—Waco 2001,
no pet.).  Popp failed to preserve this
complaint.  Tex. R. App. P. 33.1.

Popp’s first issue is overruled.

In his second issue, Popp argues the trial court
erred in failing to give a limiting instruction regarding the extraneous
offenses admitted during the guilt/innocence phase of the trial.  However, in his argument under this issue,
Popp contends that the trial court erred in failing to give an instruction on
the burden of proof for extraneous offenses. 
Trial counsel objected to the failure to include a limiting
instruction.  He did not object that the
charge failed to include an instruction on the burden of proof for the
extraneous offenses.  In fact, the charge
included the very instruction Popp now contends was not given.  His argument does not comport with the
objection at trial and presents nothing for review.  Ibarra
v. State, 11 S.W.3d 189, 196-97 (Tex. Crim. App. 1999).

In his third issue, Popp contends the trial
court erred in failing to give an instruction on a lesser included offense of
possession of “methamphetamine/amphetamine” in an amount less than one gram.
Popp’s trial attorney requested a charge on a lesser included offense of
possession of amphetamine in an amount less than one gram.  To the extent Popp now argues that he was
entitled to an instruction on possession of methamphetamine
less than one gram, his argument on appeal does not comport with the argument
made at trial and presents nothing for review. 
Ibarra v. State, 11 S.W.3d
189, 196-97 (Tex. Crim. App. 1999).  To
the extent Popp only argues that he was entitled to an instruction on
possession of amphetamine less than
one gram, there is no evidence in the record of any other substance seized
which tested to contain amphetamine. 
Thus, assuming without deciding that he met the first prong of the test
to determine if the jury charge should have included an instruction on a
lesser-included offense, Popp failed to meet the second prong.  Hampton
v. State, 109 S.W.3d 437, 440 (Tex. Crim. App. 2003) (citing Rousseau v. State, 855 S.W.2d 666, 672
(Tex. Crim. App. 1993)).  Issue three is
overruled.

In his fourth issue, Popp argues that the trial
court erred in failing to give an instruction to the jury under Article 38.22
of the Texas Code of Criminal Procedure which would allow the jury to disregard
illegally obtained evidence.  Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon Pamp. 2004-2005).  Popp does not, however, point to any evidence
in the record where a fact issue was raised concerning the illegal seizure of
that evidence.  Thus, this issue is
improperly briefed and presents nothing for review.  Tex.
R. App. P. 38.1; see Walder v. State, 85 S.W.3d 824 (Tex.
App.—Waco 2002, order). 

In his fifth issue, Popp contends the jury
finding that he was competent to stand trial is against the great weight and
preponderance of the evidence.  A
defendant is presumed competent to stand trial unless he proves his
incompetence by a preponderance of the evidence.  Acts of 1965, 59th Leg., vol. 2, p. 317, ch.
722 (repealed 2003) (formerly art. 46.02 § 1A).[1]  The correct standard of review for a factual
insufficiency issue where the defendant has the burden of proof by a
preponderance of the evidence is whether, after considering all the relevant
evidence, the judgment is so against the great weight and preponderance of the
evidence so as to be manifestly unjust.  Meraz v. State, 785 S.W.2d 146, 155
(Tex. Crim. App. 1990).

          By
the time of his hearing, Popp dismissed two retained attorneys and a
court-appointed attorney.  He was
represented at the incompetency hearing by another court-appointed
attorney.  Three witnesses, two attorneys
and a legal assistant testified that Popp had periods of irrational behavior
and did not understand the proceedings against him.  However, the court-appointed psychiatrist
determined Popp was competent to stand trial. 
And a former court-appointed attorney testified that, although he could
not get Popp to take his criminal charges seriously, he did not think Popp was
incompetent during his period of representation.  Contrary to Popp’s assertion, considering all
the relevant evidence, the judgment is not so against the great weight and preponderance
of the evidence so as to be manifestly unjust. 
Popp’s fifth issue is overruled.

          In
his sixth and seventh issues, Popp contends the trial court erred in failing to
sua sponte conduct a competency inquiry and then impanel a second competency
jury.  See Acts of 1965, 59th Leg., vol. 2, p. 317, ch. 722 (repealed 2003)
(formerly art. 46.02 § 2(b)).  Under case
law interpreting section 2, if a competency issue is raised by the defendant,
any party, or the court and 1) evidence of incompetency is brought to the
attention of the trial court by the defendant, any party, or the court, 2) of
the type to raise a bona fide doubt in the judge's mind regarding the
defendant's competency to stand trial, then 3) the judge must conduct a Section
2 "competency inquiry" to determine if there is some evidence
sufficient to support a finding of incompetence, and if there is, 4) the judge
must impanel a jury for a Section 4 "competency hearing."  McDaniel
v. State, 98 S.W.3d 704, 710-711 (Tex. Crim. App. 2003).  And where there has already been one
determination of competency by a jury and there is no error in that finding, to
complain of the denial of a second hearing, the defendant must put forth some
evidence of a subsequent change in competency or some “new evidence” in a
manner analogous to the newly discovered evidence basis for a new trial.  Miles
v. State, 688 S.W.2d 219, 224 (Tex. App.—El Paso 1985, pet. ref’d).  “Any other procedural and evidentiary
framework would effectively block trial on the merits.”  Id.

          Popp
made a few statements to the trial court before trial and a few comments to
testimony in the presence of the jury during the guilt/innocence phase.  None of those statements or comments relate
to Popp’s competency.  Popp became more
vocal in the presence of the jury at the punishment phase of his trial.  Most of those statements involved commenting
on testimony and questioning witnesses, and expressing displeasure with his
attorney and the trial court.  His
attorney expressed concern for Popp’s mental status because of the stress of
the trial but also acknowledged that Popp had been recently evaluated and found
to be competent.  

          We
found no error in the jury’s determination of Popp’s competence.  And Popp has presented no evidence of a
subsequent change in his competency to stand trial.  Thus, the trial court did not err in failing
to conduct a competency inquiry or impanel a jury for a second competency
hearing.  Popp’s sixth and seventh issues
are overruled.

          In
issues eight, nine, ten, and eleven, Popp complains about the resubmission of a
different verdict form at the guilt/innocence phase which would allow the jury
to find Popp guilty of possession of amphetamine after it had already found him
guilty of possession of methamphetamine. 
Popp misinterprets what happened at the trial court.  

The jury returned a verdict finding Popp guilty
of possession of amphetamine as charged in the indictment.  At punishment,
the court submitted a verdict form that mistakenly stated the jury had found
Popp guilty of possession of methamphetamine. 
This mistake was discovered after the trial court read the verdict but
before the jury left the court room.  The
court resubmitted a verdict form for punishment with the correct substance,
amphetamine, for which the jury had already found Popp guilty of
possessing.  However, this second form
left out the words “as charged in the indictment.”  A third form was submitted with the correct
language.  Popp’s counsel did not object
to these resubmissions.  And, on each
form, the jury assessed Popp’s punishment at 11 years in prison.  

Popp presents no authority for why the trial
court’s correction of the punishment
verdict form would be error.  Thus, these
issues are improperly briefed and present nothing for review.  Tex.
R. App. P. 38.1; see Walder v. State, 85 S.W.3d 824 (Tex.
App.—Waco 2002, order). 

          Having
overruled the issues properly presented, we affirm the judgment of the trial
court.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

(Justice
Vance concurs with a note)*

Affirmed

Opinion
delivered and filed January 26, 2005

Do
not publish

[CR25]

 

 

          * 
“Because the majority fails to explain the effect of the court’s
“mistaken” (as conceded by the State) charge of methamphetamine instead of
amphetamine, I concur in the result but cannot join the rationale.”

 











[1]
The statutes regarding competency to stand trial are now located in Tex. Code Crim. Proc. Ann. art.
46B.001, et. seq. (Vernon Pamp.
2004-2005). The new chapter applies only to a defendant against whom
proceedings have not been initiated under Article 46.02 before the effective
date of the new chapter.  Acts of 2003,
78th Leg., ch. 35 § 16.  Popp does not
fall within this category.  Thus, the
former chapter applies to his appeal.