IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00407-CV

 

In the
Interest of D.M. and W.M., Children

 

 

 



From the 74th District Court

McLennan County, Texas

Trial Court No. 2005-3801-3

 



CONCURRING Opinion



 








            Rhonda Moncrief contends in her sole
issue that the court abused its discretion by refusing her request for a
180-day extension under section 263.401(b) of the Family Code.  I concur in the
judgment affirming the termination decree because Moncrief did not specifically
present this issue to the trial court in a timely filed statement of points.  See
Tex. Fam. Code Ann. § 263.405(b),
(i) (Vernon Supp. 2006).  Thus, she has not properly preserved this issue for
appellate review.  Id. § 263.405(i); In re J.W.H., 222 S.W.3d 661,
662 (Tex. App.—Waco 2007, no pet.); In re A.H.L., 214 S.W.3d 45, 54
(Tex. App.—El Paso 2006, pet. denied); In re C.M., 208 S.W.3d 89, 92 n.3
(Tex. App.—Houston [14th Dist.] 2006, no pet.).

            I disagree with the Chief Justice’s
concurring opinion because I believe Moncrief provided a reasonable explanation
for the late filing of her notice of appeal.  Under Verburgt v. Dorner,
an extension motion is implied if a notice of appeal is filed within fifteen
days after it was due.  959 S.W.2d 615, 617 (Tex. 1997); see also Hone v.
Hanafin, 104 S.W.3d 884, 886 (Tex. 2003) (per curiam).  Although the motion
is implied, the appellant must also provide a reasonable explanation for the
late filing to avoid dismissal of the appeal.  Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998); Doe v. Brazoria County Child Protective
Servs., 226 S.W.3d 563, 571 (Tex. App.—Houston [1st Dist.] 2007, no pet.); In
re B.G., 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, order); see also Hone,
104 S.W.3d at 886-87.

            In Hone, the Supreme Court
discussed what it means for an appellant to provide a “reasonable explanation”
in this context.

            We first considered the meaning of “reasonably
explain” in Meshwert v. Meshwert, 549 S.W.2d 383, 383-84 (Tex. 1977) (discussing Texas Rule of Civil Procedure 21c—Rule [of Appellate Procedure]
26.3’s predecessor).  We held that a reasonable explanation is “any plausible
statement of circumstances indicating that failure to file within the
[specified] period was not deliberate or intentional, but was the result of
inadvertence, mistake or mischance.”  Id. at 384.  In Garcia v.
Kastner Farms, Inc., we applied the Meshwert standard to all cases
in which an appellant fails to file a notice of appeal timely.  774 S.W.2d at
669-70.  We explained that, “[w]hile the definition of reasonable explanation
is settled, the courts of appeals have not applied the definition consistently.” 
 Id. at 669-70.  We emphasized that, under the liberal standard of
review applied in these cases, “[a]ny conduct short of deliberate or
intentional noncompliance qualifies as inadvertence, mistake or mischance . . .
.”  Id. at 670.

 

Hone,
104 S.W.3d at 886-87 (some citations omitted); accord Doe, 226 S.W.3d at
571; B.G., 104 S.W.3d at 567.

            Here, in response to a notice from the
Clerk of this Court, Moncrief’s appellate counsel provided the following
explanation for her untimely notice of appeal:

Moncrief did not inform trial counsel . . . of her
desire to appeal until Friday afternoon, December 8, 2006.  [Trial counsel]
immediately drafted a Notice of Appeal and filed it that same day, and moved
the trial court that same day to appoint appellate counsel.  Thus, the reason
for the delay in filing the Notice was the fact that the Respondent did not
inform trial counsel to appeal until December 8, 2006.  It is not unusual for a
party to not understand the importance of deadlines in legal proceedings.  Once
trial counsel became aware that an appeal was desired, he filed for it at once,
still within the extension period.  (citations to record omitted)

 

            Moncrief’s court-appointed trial
counsel filed the notice of appeal eleven days after it was due and
contemporaneously with a motion to withdraw because he does “not handle
appeals.”  However, appellate counsel was not appointed until after the
deadline for filing an extension motion.

            From trial counsel’s letter to the
trial court explaining the reasons for the withdrawal, it appears that trial
counsel did not understand the applicable deadlines for perfecting such an
appeal.  Under these circumstances, Moncrief’s explanation constitutes a “plausible
statement of circumstances indicating that failure to file within the
[specified] period was not deliberate or intentional, but was the result of
inadvertence, mistake or mischance.”  See Hone, 104 S.W.3d at 886
(quoting Meshwert, 549 S.W.2d at 384); Doe, 226 S.W.3d at 571
(same); accord B.G., 104 S.W.3d at 567.  Thus, I believe Moncrief has
provided a reasonable explanation for the late filing of her notice of appeal.

            I disagree with the dissenting opinion
because Moncrief has not briefed the issue of whether section 263.405 violates
her right to due process.  Instead, she very briefly touched on this subject in
her response to a dismissal notice sent by the Clerk of this Court. 
Specifically, Moncrief contended
in this response that it would be a denial of due process to fault her for
failing to file a statement of points under these circumstances and that this
Court can address matters of fundamental error regardless of whether a
statement of points has been filed.  I address these contentions in reverse
order.

            Except for fundamental
error, appellate courts are not authorized to consider issues not properly
raised by the parties.  See In the Interest of B.L.D., 113 S.W.3d 340,
350-52 (Tex. 2003).  We have described fundamental error as those instances in
which error directly and adversely affects the interest of the public
generally, as that interest is declared by the statutes or Constitution of our
State, or instances in which the record affirmatively and conclusively shows
that the court rendering the judgment was without jurisdiction of the subject
matter.  See McCauley v. Consol. Underwriters, 157 Tex. 475, 304 S.W.2d
265, 266 (1957).

 

Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 577 (Tex. 2006).

            The “civil doctrine of fundamental error
is a creature of common law.”  B.L.D., 113 S.W.3d at 351 n.10.  As such,
it may be rejected by the Legislature.  See, e.g., Durham Transp. Co. v.
Beettner, 201 S.W.3d 859, 874 (Tex. App.—Waco 2006, pet. denied)
(discussing how “the Legislature effectively overruled” Texas cases holding
that prejudgment interest was recoverable on future damages).

            The Legislature has apparently
concluded that the common-law doctrine of fundamental error has no application
in cases governed by section 263.405.  See In re E.A.R., 201 S.W.3d 813,
814-15 & n.2 (Tex. App.—Waco 2006, no pet.) (Vance, J., concurring)
(observing that the 79th Legislature enacted section 263.405(i) because of
appellate courts’ refusal to recognize that the statement of points required by
subsection (b) of that statute [enacted by the 77th Legislature] was a
procedural prerequisite for the presentation of issues on appeal).  As the bill
analysis states, “HB 409 conclusively establishes that the Legislature expects
litigants to comply with Section 263.405(b) of the Family Code.”  Id. at 815 n.2 (quoting House Comm. on Juvenile
Justice & Family Issues, Bill Analysis, Tex. H.B. 409, 79th Leg.,
R.S. (2005)).  In light of this statement of purpose and the plain language of
section 263.405(i), it is my view that the common-law doctrine of fundamental
error does not apply in cases governed by section 263.405.

            Moncrief also contended in her
response that any insistence on compliance with section 263.405(b) under the
unique circumstances of her case operates to deprive her of due process. 
However, she did not raise this issue in her brief.  It is well-settled that
this Court cannot address an issue in a civil appeal which has not been raised
as an issue or point of error in the appealing party’s brief.  See Pat Baker
Co. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998) (per curiam); French v.
Gill, 206 S.W.3d 737, 743 (Tex. App.—Texarkana 2006, no pet.); Dawson v.
Briggs, 107 S.W.3d 739, 744 (Tex. App.—Fort Worth 2003, no pet.); but see
Pena v. State, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006) (“appellate
courts are free to review ‘unassigned error’” in criminal appeals). 
Accordingly, absent properly assigned error, this Court cannot address the
question of whether section 263.405(i) violates Moncrief’s right to due
process.

            Raising the issue of due process in a
response is not the same as briefing the issue.  Prudent appellate counsel
should always address preservation with respect to any issue presented for
appellate review, even if this is done in a single sentence with an appropriate
citation to the record (e.g., “This issue was preserved by appellant’s
timely filed statement of points.  II C.R. at 100.”).  See Walder v. State,
85 S.W.3d 824, 827 (Tex. App.—Waco 2002, order) (per curiam) (in argument
portion of brief, “counsel should explain how the issue or point presented has
been preserved for appellate review  .  .  .  ‘with appropriate citations to
authorities and to the record’”).  Or, as this Court said in Walder,
“counsel should explain  .  .  .  why no preservation is required.”  Id.

            Here, Moncrief failed to preserve her
complaint because she did not file a statement of points.  Under these
circumstances, her appellate counsel should have acknowledged this failure
(particularly in view of the notice sent by the Clerk of this Court which
expressly referenced this failure) and briefed the issue of why Moncrief should
be excused from compliance with section 263.405.  Such briefing would
ostensibly present argument and authorities to support the due process
complaint on which the dissent relies.  Presenting this issue in the
appellant’s brief would also presumably lead the Department to respond in the
appellee’s brief with argument and authorities to demonstrate why there is no
due process violation.  The issue would be fully joined, and it would then be
appropriate for this Court to evaluate the merits of such a complaint. 
However, Moncrief did not brief this issue.  Therefore, I believe that this
Court should not address any potential violation of her right to due process.  See
Pat Baker Co., 971 S.W.2d at 450; French, 206 S.W.3d at 743; Dawson,
107 S.W.3d at 744.




Because Moncrief failed to properly preserve her
complaint, I concur in the judgment of affirmance.

 

 

FELIPE REYNA

Justice

 

Concurring opinion delivered
and filed August 15, 2007






89in">      Moreland's objection that the comments were "improper" was insufficient because it was only
a general objection.


 Such an objection does not apprise the trial court of the grounds upon which
it was based. As a result, it failed to preserve the complaint, and nothing is presented for review.


 
Therefore, we overrule point of error three.
      We affirm the judgment.
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 15, 1993
Do not publish