NUMBER 13-03-265-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
LOUIS GONZALES,                                                                    Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 148th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Chief Justice Valdez
 
Following a jury trial, appellant, Louis G. Gonzales, was convicted of murder, a first-degree felony. The jury sentenced appellant to seventy-five years imprisonment in the
Texas Department of Criminal Justice, Institutional Division and assessed a $10,000 fine. 
Appellant’s sole issue on appeal is that he was denied a fair trial due to ineffective
assistance of counsel. We affirm the judgment of the trial court. 
I. FACTUAL AND PROCEDURAL HISTORY
Appellant was charged with the murder of Benjamin Hernandez. Appellant entered
a plea of “not guilty.” At trial, appellant presented evidence attempting to establish he had
acted in self-defense. 
As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite additional facts here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
II. ANALYSIS
A. Effective Assistance of Counsel
          Appellant’s sole issue on appeal is that he was not afforded effective assistance of
counsel and he should therefore be granted a new trial on remand. Specifically, appellant
contends counsel: (1) failed to locate and produce Jonathan Green, a passenger in
appellant’s car at the time of the shooting, as a material witness; (2) failed to appropriately
cross-examine Naomi Hernandez, the victim’s sister and appellant’s live-in girlfriend; and
(3) opened the door to appellant’s extraneous offenses. 
          Appellant establishes ineffective assistance of counsel by meeting the two-prong
Strickland test set by the United States Supreme Court. Strickland v. Washington, 466
U.S. 668, 687 (1984); Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). First,
appellant must show that his counsel’s representation fell below an objective standard of
reasonableness. Strickland, 466 U.S. at 688; Tong, 25 S.W.3d at 712. Second, appellant
must show that the deficient performance prejudiced his defense. Strickland, 466 U.S. at
688; Tong, 25 S.W.3d at 712. Appellant must prove both prongs by a preponderance of
the evidence. Tong, 25 S.W.3d at 712. 
          The review of defense counsel’s representation at trial is highly deferential.
Strickland, 466 U.S. at 689; Tong, 25 S.W.3d at 712. We engage in “a strong
presumption” that counsel’s actions fell within the range of reasonably professional
assistance. Strickland, 466 U.S. at 689; Tong, 25 S.W.3d at 712. Any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999). 
          In the majority of instances, the record on direct appeal is simply undeveloped and
cannot adequately reflect any failings of the trial counsel. Thompson, 9 S.W.3d at 813-14;
Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). An appellate court should
be especially hesitant to declare counsel ineffective based on a single alleged
miscalculation during what amounts to otherwise satisfactory representation, particularly
when the record provides no discernible explanation of the motivation behind counsel’s
actions–whether those actions were of strategic design or the result of negligent conduct. 
Thompson, 9 S.W.3d at 814.
          Appellant’s first contention is he was not afforded effective assistance based on
counsel’s failure to call Jonathan Green to corroborate appellant’s testimony that the victim
had been the aggressor. Appellant attempts to support his contention by referring us to
Green’s sworn statement, purportedly attached to appellant’s brief as “Attachment A.” 
“Attachment A,” however, is not a statement by Green, but is instead a statement by Naomi
Hernandez. We may not consider statements attached to appellant's brief not introduced
at trial and not otherwise part of the record on appeal. See Tex. R. App. P. 34.1; see also
Pollan v. State, 612 S.W.2d 594, 596 (Tex. Crim. App. [Panel. Op.] 1981) (holding that
affidavit not introduced at trial and not part of record was not entitled to consideration). 
Information not in the appellate record may not be utilized for appellate review. Erdeman
v. State, 861 S.W.2d 890, 896 (Tex. Crim. App. 1993). 
          The record does not show that Green’s testimony would have been favorable to
appellant. Nor, does the record show why counsel did not call Green to testify. Appellant
has failed to establish counsel’s not calling Green as a witness fell below an objective
standard of reasonableness. 
          Appellant’s second contention is he was not afforded effective assistance of counsel
because counsel failed to properly cross-examine Naomi Hernandez. Appellant offers as
support Hernandez’s sworn written statement (“Attachment B”) suggesting that appellant
had been chased by the victim prior to the shooting. Appellant argues that Hernandez’s
testimony at trial was inconsistent with her statement. 
          However, the record does not show Naomi ever testified at trial, and we cannot
consider the statement attached to appellant’s brief.


 Appellant failed to establish counsel
was ineffective in failing to properly cross-examine Naomi. 
          Appellant’s third contention is counsel opened the door to the introduction of
extraneous offenses while examining appellant. In his argument, appellant includes a very
general statement followed by two sentences containing law but no analysis on how the
law applies to the facts of this case. Appellant does not explain exactly what in counsel’s
examination opened the door to evidence of extraneous offenses, nor does he explain
what extraneous offenses were introduced that would not have been otherwise. 
Additionally, appellant does not cite to the record stating exactly where appellant’s counsel
opened the door. 
          An appellant’s brief “must contain a clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record.” Tex. R. App. P. 38.1(h). 
Where appellant has inadequately briefed an issue, that issue is no longer preserved for
appellate review. See McCarthy v. State, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2001)
(holding that appellant did not preserve issue for review where appellant failed to explain
how factual record proved her confession to police was made involuntarily, to present legal
authority to support argument her confession was involuntary, and to apply law to facts to
support conclusion confession was involuntary); Wood v. State, 18 S.W.3d 642, 649 n.6
(Tex. Crim. App. 2000) (holding that appellant did not preserve point of error for review
where he failed to argue how capital sentencing scheme was unconstitutional); Tubbs v.
State, 57 S.W.3d 519, 521 (Tex. App.–Waco 2001, pet. ref’d) (holding that where
appellant’s brief presented no argument or cited authority supporting appellant’s
contention, issue was not sufficiently preserved for review). Appellant’s argument on his
third contention is inadequate and does not present anything for us to review.
          Appellant failed to establish that his trial counsel rendered ineffective assistance. 
Accordingly, we overrule appellant’s sole issue on appeal.
III. CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                                                                                                           
                                                                                      ROGELIO VALDEZ,
                                                                                      Chief Justice
 
Do not publish.
Tex.R.App.P. 47.2(b)
 
Memorandum Opinion delivered 
and filed this 19th day of August, 2004.